**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 19 CR 322-2 |
| | ) | Judge Robert M. Dow, Jr. |
| EDWARD M. BURKE, *et al.*, | ) | |
| (PETER J. ANDREWS) | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT ANDREWS' MOTION TO DISMISS COUNTS SEVEN
AND EIGHT OF THE SUPERSEDING INDICTMENT BASED ON AN
<u>INABILITY TO ESTABLISH AN INTERSTATE COMMUNICATION</u>**

Defendant, **PETER J. ANDREWS**, by and through his attorneys, **BLEGEN
& GARVEY** and **LELAND SHALGOS**, pursuant to Rule 12(b)(3)(B) of the Federal
Rules of Criminal Procedure, respectfully requests that the Court dismiss Counts
Seven and Eight of the Superseding Indictment on the basis that an interstate
communication, necessary for a violation of the Travel Act, cannot be established.

In support thereof, Mr. Andrews shows to the Court the following:

1.      Counts Seven and Eight of the Superseding Indictment charge Mr.
Andrews (along with codefendant Alderman Burke) with using a "facility in
interstate commerce, namely, a cellular telephone with intent to promote, manage,
establish, carry on, and facilitate the promotion, management, establishment and
carrying on of an unlawful activity," in violation of 18 U.S.C. § 1952(a)(3). (Docket
30, pp. 44-45)

2.      Count Seven alleges a cellular telephone call on October 24, 2017, and Count Eight alleges a call on October 25, 2017.  Neither Count alleges that the call was an interstate call, meaning from one state to another.  In fact, neither call was interstate, as both Mr. Andrews and Alderman Burke were in Illinois for each call.[1] The  calls were thus intrastate, meaning they were made and received within the State of Illinois.

3.      Under § 1952, commonly referred to as the "Travel Act," liability is triggered when an individual, "travels in interstate or foreign commerce or uses the mail or any facility in interstate or foreign commerce."  18 U.S.C. § 1952.

4.      Interstate activity such as physically traveling across state lines plainly triggers the Travel Act.[2]  The issue becomes muddied when a facility, such as a bank, the mail, or a telephone which generally operates in interstate commerce, is used to conduct a wholly intrastate activity.  Courts have disagreed whether a wholly intrastate use of interstate commerce channels is sufficient to trigger Travel Act liability.  *See e.g., United States v. Barry*, 888 F.2d 1092 (6th Cir. 1989) (sending a piece of mail wholly within one state—even though the mails are a

---

[1] Details provided in the calls, which were recorded, make clear that both Mr. Andrews and Alderman Burke were in Illinois during the charged calls.

[2] *See generally, e.g., United States v. Rauhoff*, 525 F.2d 1170 (7th Cir. 1975) (finding the appellant's trip from Arkansas to Chicago was critical to the success of a scheme to bribe the Illinois Secretary of State, rendering federal jurisdiction based on the Travel Act appropriate); *United States v. Michael*, 456 F. Supp. 335 (D.N.J. 1978) (upholding an indictment under the Travel Act because the defendant had to travel to another state in order to bribe a bank official).  Not just any interstate travel will suffice, however.  The travel must "relate significantly, rather than incidentally or minimally, to the illegal activity." *United States v. Ranieri*, 670 F.2d 702, 717 (7th Cir. 1982).

facility of interstate commerce—is insufficient to trigger the Travel Act); *but see*

*United States v. Nader*, 542 F.3d 713, 716 (9th Cir. 2008) (wholly intrastate use of

telephones—a facility of interstate commerce—sufficient to trigger Travel Act

liability).[3]

     5.     The Seventh Circuit has not addressed whether the Travel Act is

satisfied by an intrastate telephone call. It has, however, discussed the interstate /

intrastate issue in another context; that is, whether a check, which does not

actually travel across state lines can suffice for a Travel Act conviction. In *United*

*States v. Isaacs*, 493 F.2d 1124, 1146-49 (7th Cir. 1974*), abrogated on other grounds*

*by McNally v. United States,* 483 U.S. 350, 359 (1987) *as recognized by United*

*States v. Gimbel,* 830 F.2d 621(7th Cir. 1987), former Illinois governor Otto Kerner

and his director of revenue were convicted of various offenses, including Travel Act

violations, in connection with a bribery scheme. The interstate activity at issue was

three checks drawn on a bank in Illinois and which cleared through the Federal

Reserve Bank in Missouri. *Id*. at 1146. The Seventh Circuit reversed on the Travel

Act Counts, concluding that the use of interstate facilities was "so minimal,

incidental, and fortuitous, and so peripheral to the activities of [the defendants] and

other participants in the bribery scheme, that it was error to submit [the counts] to

---

[3] The Second Circuit also deems intrastate use of an interstate telephone call sufficient under the Travel Act. *See*, *United States v. Halloran*, 821 F.3d 321, 342 (2d 2016). The Eighth Circuit has held that the intrastate withdrawal from an intestate ATM is sufficient. *United States v. Baker*, 82 F.3d 273, 275-76 (8th Cir. 1996). The Fifth and Second Circuit have held that the intrastate use of the U.S. mail can violate the Travel Act. *United States v. Heacock*, 31 F.3d 249, 254-55 (5th Cir. 1994); *United States v. Riccardelli*, 794 F.2d 829, 832-34 (2nd Cir. 1996).

the jury." *Id.* In rejecting a Fourth Circuit case cited by the government in support

of the proposition that the interstate clearing of the checks was sufficient,[4] the

Seventh Circuit explained, "[w]e are unable to agree with [the Fourth Circuit's]

view of § 1952, however, not only because it assumes that the use of a single check

crossing state lines may trigger § 1952, but also *because it suggests that the check*

*need not actually travel interstate.*" *Isaacs*, at 1149 (emphasis added).

6.      The *Isaacs* Court cited with approval *United States v. De Sapio*, 299

F.Supp. 436 (S.D.N.Y. 1969). In that case, after reviewing the legislative history of

§ 1952, and examining various statutes using the phrases "facility in interstate

commerce," and "facility of interstate commerce," the district court dismissed Travel

Act counts specifically because they were based on telephone calls that did not cross

state lines. *Id.* at 448-449.[5]

7.      The Fourth Circuit later acknowledged the Seventh Circuit's rejection

of *Wechsler* and agreed with the Seventh Circuit. In *United States v. LeFaivre*, 507

F.2d 1288 (4th Cir. 1974), the Fourth Circuit noted:

> The Seventh Circuit has recently taken issue with this statement from
> *Wechsler*. In *United States v. Isaacs*, 493 F.2d 1124, 1149 (7th Cir. 1974),
> *cert. denied*, 417 U.S. 976, 94 S.Ct. 3184, 41 L.Ed.2d 1146 (1974), that
> court stated its disagreement with the statement 'because it suggests
> that the check need not actually travel interstate.' The court pointed out
> that the statute explicitly requires some actual use of an interstate
> facility for the purpose of interstate travel or an interstate transaction,
> rather than merely the use of an interstate facility for an intra-state
> purpose. 493 F.2d at 1149 n. 1. We acknowledge the ambiguity, and

---

[4] *United States v. Wechsler*, 392 F.2d 344 (4th Cir. 1968).
[5]As noted above, in *Riccardelli*, the Second Circuit held that any use of the mail qualified under the Travel Act. The Second Circuit therefore, rejected "contrary holdings in prosecutions under the Travel Act decided in the district court, only one of which is a reported decision. *See United States v. Varbaro*, 597 F.Supp. 1173, 1174-79 (S.D.N.Y.1984)." *Riccardelli*, 794 F.2d at 834. Although decided seven years later, *Riccardelli* does not overrule *De Sapio's* holding that intrastate telephone calls are not sufficient.

4

agree that there must be some utilization of a facility in an interstate transaction to invoke the Travel Act.

*LeFaivre*, 507 F.2d at 1291 n. 5.[6]

8.      The defense submits, in light of *Isaacs*, and its approval of the

reasoning and discussion of legislative history in *De Sapio*, that the Seventh Circuit

would find that an intrastate telephone call is insufficient to trigger the Travel Act.

An interstate call is necessary.  In the context of the circuit split on this issue, the

Seventh Circuit would come down on the side of the Sixth Circuit.  Just as in *United*

*States v. Barry,* 888 F.2d 1092 (6th Cir. 1989), the Seventh Circuit would conclude

that, "a statute that speaks in terms of an instrumentality in interstate commerce

rather than an instrumentality of interstate commerce is intended to apply to

interstate activities only." *Barry*, 888 F.2d at 1095.

---

[6] In a recent unpublished opinion, the Fourth Circuit found that while *LeFaivre* does support the proposition that a call must actually be interstate, that language is essentially *dicta*. *United States v. Lazo*, No. 18-4447, 2020 WL 2770558 at *9 (4th Cir. May 28, 2020). The *Lazo* opinion also suggests that the Seventh Circuit may come down on the side of allowing the intrastate use of an interstate facility for § 1952 because of how the Seventh Circuit addressed the "materially identical language" of the Travel Act's murder-for-hire provision – 18 U.S.C. § 1958. *Id.* at *10.  Citing to *United States v. Richeson*, 338 F.3d 653, 660 (7th Cir. 2003), the *Lazo* decision argues that because courts, like the Seventh Circuit, have held that the terms "in" and "of" interstate commerce were used interchangeably in § 1958, the same conclusion would be reached for § 1952. *Lazo*, 2020 WL 2770558 at *10. The defense believes that the Fourth Circuit is incorrect.  Neither *Lazo* nor *Richeson* discuss the *Isaacs* opinion.  Moreover, the murder for hire statute (§ 1958) was amended in 2004 to consistently use the phrase, "facility of interstate commerce."  *See*, 18 U.S.C. § 1958; *see also*, Intelligence Reform and Terrorism Prevention Act of 2004, PL 108–458, December 17, 2004, 118 Stat 3638 ("Section 1958 of title 18, United States Code, is amended (1) in subsection (a), by striking 'facility in' and inserting 'facility of'). Section 1952 has never been amended to change "facility in interstate commerce" to "facility of interstate commerce" even after the Sixth Circuit specifically held in *Barry* that an intrastate mailing is not sufficient, and even after § 1958 was amended.  The lack of an amendment to § 1952 under such circumstances provides strong support for the proposition that Congress intended to criminalize the intrastate use of interstate facilities in one statute (§ 1958) but not in the other (§ 1952).

9.      Although an indictment may not be dismissed by pointing to inadequate proof, an indictment must "allege that the defendant performed acts which, if proven, constituted a violation of the law that he or she is charged with violating." *United States v. Gimbel*, 830 F.2d 621, 624 (7th Cir.1987), citing, *McNally v. United States*, 483 U.S. 350, 359 (1987) (quoting *Fasulo v. United States*, 47 S.Ct. 200, 202 (1926)).

10.      In evaluating a motion to dismiss, courts take all facts in the indictment as true and "in the light most favorable to the government." *United States v. Yashar*, 166 F.3d 873, 880 (7th Cir.1999). Nevertheless, courts should determine "whether the government can produce evidence at trial that a defendant 'conceivably' violated a given statute." *United States v. Segal*, 299 F.Supp.2d 840, 844 (N.D.Ill.2004), *quoting, United States v. Castor*, 558 F.2d 379, 384 (7th Cir.1977)). Resolution of factual questions typically must await trial, "unless it so convincingly appears on the face of the indictment that as a matter of law there need be no necessity for such delay." *Castor*, 558 F.2d at 384.

11.      Here, there is no need to wait for a trial. The October 24, 2017, and October 25, 2017, telephone calls alleged in Counts Seven and Eight were undoubtedly intrastate calls. In the call charged in Count Seven, Alderman Burke calls Mr. Andrews at the Ward Office in Chicago. Alderman Burke explains that he just drove by the Burger King on Pulaski. In the call charged in Count Eight, Alderman Burke says he is just going to be driving past the Burger King. Mr. Andrews explains that he is at the Beverly Country Club.

12.     For the reasons set forth above, counsel submit that the wholly intrastate telephone call charged in Counts Seven and Eight are insufficient to trigger Travel Act liability. As such, Counts Seven and Eight simply cannot prove a violation of the Travel Act statute and should be dismissed.

13.     Likewise, because the facts alleged in Counts Seven and Eight do not amount to a violation of the interstate activities component of the Travel Act, the Court should dismiss Counts Seven and Eight for failure to charge an offense. *See, e.g.*, *United States v. Panarella*, 277 F.3d 678, 685 (3d Cir. 2002) ("[F]or purposes of [Fed. R. Crim. P.] 12(b)(2), a charging document fails to state an offense if the specific facts alleged in the charging document fall beyond the scope of the relevant criminal statute, as a matter of statutory interpretation."); *United States v. Varbel*, 780 F.2d 758, 762-63 (9th Cir. 1985) (indictment fails to charge offense where alleged conduct does not fall within scope of statute); *United States v. Cogswell*, 637 F. Supp. 295, 296 n.2 (N.D. Cal. 1985) ("The district court must dismiss an indictment prior to trial if it fails to allege facts that constitute a prosecutable offense.").

14.     The Rule of Lenity provides further support for the proposition that the intrastate calls alleged in Counts Seven and Eight should not be found to violate the Travel Act. Under the Rule of Lenity, "when there are two rational readings of a criminal statute, one harsher than the other, [the Court is] to choose the harsher only when Congress has spoken in clear and definite language." *McNally v. United States*, 483 U.S. 350, 359-60 (1987); *see, e.g., Cleveland v. United States*, 531 U.S.

7

12, 25 (2000) ("Moreover, to the extent the word "property" is ambiguous...we have instructed that 'ambiguity concerning the ambit of criminal statutes should be resolved in favor of lenity.'") *quoting, Rewis v. United States*, 401 U.S. 808, 812 (1971).

15.     The Travel Act's language, "travels in interstate or foreign commerce or uses the mail or any facility in interstate or foreign commerce" at a minimum allows for two rational readings – that a facility must actually be used in interstate commerce, or that the facility itself need only be one of interstate commerce. The split in the circuits makes this apparent. For example, the Sixth Circuit has found that the intrastate use of interstate commerce is insufficient to establish a violation of the Travel Act,[7] while the Ninth Circuit has held that intrastate use of a telephone is sufficient to trigger Travel Act liability.[8] In the face of this ambiguity, and the absence of Seventh Circuit precedent, the Rule of Lenity supports a finding that the statute should be read in a way that is less harsh; that is, requiring that the telephone calls charged here must actually be interstate calls.

16.     Alternatively, the defense submits that the Travel Act is void for vagueness. "To satisfy the Due Process Clause of the Fifth Amendment, individuals are entitled to understand the scope and nature of statutes which might subject them to criminal penalties." *Hedges v. Obama*, 2012 WL 1721124 at *22 (S.D.N.Y. May 17, 2012). It is a "basic principle of due process" that a statute is

---

[7] *Barry, supra.*

[8] *Nader, supra.*

unconstitutional and void for vagueness if its prohibitions are not clearly defined. *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972). A criminal statute must define a criminal offense "with sufficient definiteness that ordinary people can understand what conduct is prohibited" and "in a manner that does not encourage arbitrary and discriminatory enforcements." *Skilling*, 561 U.S. at 402-03 (quoting *Kolender*, 461 at 357). When a law is "so vague and standardless that it leaves the public uncertain as to the conduct it prohibits," "without any legally fixed standards," it is unconstitutionally vague. *Giavvio v. Pennsylvania*, 382 U.S. 399, 402-03 (1966). The principle of "fair notice" is also rooted in due process, and analyzed under the void-for-vagueness doctrine. *City of Chicago v. Morales*, 527 U.S. 41, 52 (1999). Citizens have a right to be "informed as to what the States commands or forbids." *Lanzetta v. New Jersey*, 306 U.S. 451, 453 (1939).

17.     Under these standards, the Travel Act is void for vagueness to the extent it applies to the wholly intrastate use of a cellular phone call. Nothing on the face of the statue provides the necessary clarity. Moreover, there is not a consensus among the circuits with regard to the Travel Act's interpretation. Thus the question remains — how could reasonable people understand what is considered lawful or unlawful conduct under the statute if the appellate courts cannot agree? [9] Due to

---

[9] It seems odd to presume that individuals who become defendants would read published cases to determine what conduct is proscribed by the law, but that is precisely what courts presume. *See, e.g., United States v. Sorich*, 523 F.3d 702, 711 (7th Cir. 2008) ("although the defendants insist that this prosecution is "an unprecedented expansion" of honest services mail fraud, several cases on the books provided them ample warning that they risked prosecution. . . . The defendants argue that the defendant [in *United States v. Dvorak*] pled guilty and his appeal only concerned his sentence, but the fact remains that he was prosecuted and convicted of mail fraud for acts remarkably similar to theirs, and they

this inherent uncertainty in the statute's language and the inability of the circuits to provide clarity on the issue, the Travel Act should be found to be void for vagueness.

18.     For all of the the reasons stated herein, Counts Seven and Eight of the Superseding Indictment should be dismissed.

WHEREFORE, Defendant respectfully requests that the Court enter its order, dismissing Counts Seven and Eight of the Superseding Indictment.

Respectfully submitted,

**s/Patrick W. Blegen**
**Patrick W. Blegen**

**s/Leland Shalgos**
**Leland Shalgos, Attorneys for**
**Defendant Peter J. Andrews.**

**Blegen & Garvey**
53 West Jackson Boulevard,
Suite 1424
Chicago, Illinois 60604
(312) 957-0100

**Leland Shalgos**
2650 West 51st Street
Chicago, Illinois 60632
(773) 925-1700

---

should have taken note.")  In the event that a curious defendant took to reading Seventh Circuit case law about the Travel Act, that defendant would come across *Isaacs*, its citation to *De Sapio*, and conclude that as long as a telephone call was wholly within a state, the Travel Act is not violated.

10