IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 19 CR 322-2 |
| | ) | Judge Robert M. Dow, Jr. |
| EDWARD M. BURKE, *et al.*, | ) | |
| (PETER J. ANDREWS) | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT ANDREWS' MOTION TO DISMISS
COUNTS SEVEN AND EIGHT OF THE SUPERSEDING INDICMENT
FOR FAILING TO IEDNTIFY THE REQUIRED SUBSEQUENT OVERT ACT**

Defendant, **PETER J. ANDREWS**, by and through his attorneys, **BLEGEN & GARVEY** and **LELAND SHALGOS**, pursuant to Rule 12(b)(3)(B) of the Federal Rules of Criminal Procedure, as well as the Fifth and Sixth Amendments to the Constitution of the United States, respectfully requests that the Court dismiss Counts Seven and Eight of the Superseding Indictment for lack of specificity and failing to state an offense, in that Counts Seven and Eight fail to identify the "subsequent overt act" that represents an essential element of the offense.

1.  Counts Seven and Eight of the Superseding Indictment charge Mr. Andrews (along with codefendant Edward M. Burke) with violating 18 U.S.C. § 1952(a)(3), known as the "Travel Act."

2.  Section 1952, entitled, "Interstate and foreign travel or transportation in aid of racketeering enterprises," states in relevant part as follows:

    (a) Whoever travels in interstate or foreign commerce or uses the mail
    or any facility in interstate or foreign commerce, with intent to—

    (1) distribute the proceeds of any unlawful activity; or
    (2) commit any crime of violence to further any unlawful activity; or

    (3) otherwise promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of any unlawful activity,

and thereafter performs or attempts to perform—

    (A) an act described in paragraph (1) or (3) shall be fined under this title, imprisoned not more than 5 years, or both; or

    (B) an act described in paragraph (2) shall be fined under this title, imprisoned for not more than 20 years, or both, and if death results shall be imprisoned for any term of years or for life.

(b) As used in this section (i) "unlawful activity" means (1) any business enterprise involving gambling, liquor on which the Federal excise tax has not been paid, narcotics or controlled substances (as defined in section 102(6) of the Controlled Substances Act), or prostitution offenses in violation of the laws of the State in which they are committed or of the United States, (2) extortion, bribery, or arson in violation of the laws of the State in which committed or of the United States, or (3) any act which is indictable under subchapter II of chapter 53 of title 31, United States Code, or under section 1956 or 1957 of this title and (ii) the term "State" includes a State of the United States, the District of Columbia, and any commonwealth, territory, or possession of the United States.

18 U.S.C. § 1952

    3.    Count Seven of the Superseding Indictment states:

On or about October 24, 2017, at approximately 9:57 a.m. (Session #7441), at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

EDWARD M. BURKE, and<br>PETER J. ANDREWS,

defendants herein, used a facility in interstate commerce, namely, a cellular telephone assigned telephone number (312) XXX-4006, with intent to promote, manage, establish, carry on, and facilitate the

promotion, management, establishment and carrying on of an unlawful activity, namely, a violation of 18 U.S.C. § 1951(a) (Extortion),720ILCS 5/33-1(e) (Bribery), 720 ILCS 5/33-3(a)(4) (Official Misconduct), and 720 ILCS 5/29A-2 (Commercial Bribe Receiving), and thereafter, the defendants did perform and attempt to perform an act to carry on and facilitate the promotion and carrying on of said unlawful activity;

In violation of Title 18, United States Code, Sections 1952(a)(3) and.2.

(Docket 30, p. 44)[1]

4. There are three elements to the 1952(a)(3) violation charged in Counts Seven and Eight: (1) use of an interstate facility (2) with intent to promote an unlawful activity and (3) a subsequent overt act in furtherance of the unlawful activity." *United States v. Webb*, 24 F.Supp.3d 432, 439 (M.D. Penn. 2014).

5. Both Counts Seven and Eight allege cellular telephone calls as the use of a facility in interstate commerce. And, both Counts identify a specific date and time of the call. Because the calls at issue were recorded, the Counts also identify the specific call session number that is charged.

6. With regard to the underlying "unlawful activity" that was allegedly promoted, managed, etc., both Counts allege federal extortion (18 U.S.C. § 1951), Illinois Bribery (720 ILCS 5/33-1(e)), Illinois Official Misconduct (720 ILCS 5/33-3(a)(4)), and Illinois Commercial Bribe Receiving (720 ILCS 5/29A-2).

7. Notably, however, and as is the subject of this motion, neither Count Seven nor Eight identifies the subsequent overt act that is the third essential element of the offense.

---

[1] Count Eight is identical but for referencing a different date and telephone call.

3

8. Although there are many cases discussing the sufficiency of an indictment, the Seventh Circuit succinctly set forth the law and relevant inquiry in *United States v. Anderson*, 280 F.3d 1121, 1124 (7th Cir. 2002):

> The Fifth Amendment guarantees the right to an indictment by grand jury and serves as a bar to double jeopardy, while the Sixth Amendment guarantees that a defendant be informed of the charges against him. *United States v. Hinkle*, 637 F.2d 1154, 1157 (7th Cir.1981). These constitutional mandates establish three minimum requirements for an indictment. First, it must adequately state all of the elements of the crime charged; second, it must inform the defendant of the nature of the charges so that he may prepare a defense; and finally, the indictment must allow the defendant to plead the judgment as a bar to any future prosecution for the same offense. *United States v. Smith*, 230 F.3d 300, 305 (7th Cir.2000).
>
> In setting forth the offense, the indictment should generally "track" the words of the statute itself, "so long as those words expressly set forth all the elements necessary to constitute the offense intended to be punished." *Id.* It is required, at a minimum, that an indictment provide the defendant with some means of "pinning down the specific conduct at issue." *Id.* The absence of any particular fact is not necessarily dispositive of the issue. *Id.* Further, we review indictments "on a practical basis and in their entirety, rather than in a hypertechnical manner." *Id.* (internal citations omitted).

9. As *Anderson* makes clear, while it is generally acceptable for an indictment to track the language of a statute (as Counts Seven and Eight do here), there must be some specifics provided to allow the defense to identify the conduct at issue. *Id.*, *see, also*, *United States v. Smith*, 230 F.3d 300, 305 (7th Cir. 2000) ("statutory language can nonetheless be considered deficient if it does not provide enough factual particulars to "sufficiently apprise the defendant of what he must be prepared to meet.")

10. Here, there is quite simply no way for the defense to determine with certainty what subsequent overt act -- an essential element of proving the violation -- is charged in Counts Seven and Eight. The Counts themselves do not, of course, identify what the act is, and there is no re-incorporating of language from other Counts (the racketeering charge for example) that makes the charged overt act clear.

11. There are acts by Mr. Andrews alleged in the racketeering count that are subsequent to the cellular phone calls charged in Counts Seven and Eight. (Docket 30, pp. 19-21) But there are acts Alderman Burke and others intermingled with those allegations, and the defense should not be required to guess which of these acts represent the particular act (or acts) upon which the grand jury based its charge in Counts Seven and Eight.[2] Thus, even if the racketeering charge were incorporated, it would not provide much clarity to the Counts at issue.

12. Moreover, allowing Counts Seven and Eight to stand would provide a potentially moving target for which the defense would be required to prepare. Leaving the overt act unidentified allows the overt act to change, shift, or become an entirely different act altogether in the time leading up to trial or during the trial itself. This moving target also creates the possibility of a constructive amendment of the indictment in violation of the Fifth Amendment. As the Seventh Circuit has recently reiterated, "[t]he Fifth Amendment guarantees the right of an accused to be tried only on charges in an indictment returned by a grand jury." *United States v.*

---

[2] The government will likely take the position that the overt act can be committed by either Mr. Andrews or Alderman Burke, or by someone else at their direction.

*Muresanu*, 951 F.3d 833, 839 (7th Cir. 2020). Altering an indictment without the approval of the grand jury "is per se reversible error," and it is categorically prejudicial. *Id. quoting, United States v. Galiffa*, 734 F.2d 306, 311 (7th Cir. 1984). *See, also, United State v. Baker*, 227 F.3d 955, 960 (7th Cir. 2000) ("A constructive amendment of an indictment violates the Fifth Amendment, *United States v. Willoughby*, 27 F.3d 263, 266 (7th Cir.1994), and "occurs when either the government (usually during its presentation of evidence and/or its argument), the court (usually through its instructions to the jury), or both, broadens the possible bases for conviction beyond those presented to the grand jury." *United States v. Cusimano*, 148 F.3d 824, 829 (7th Cir.1998)).

13. In *United States v. Muskovsky*, 863 F.2d 1319, 1327 (7th Cir. 1988), the Seventh Circuit found that alleging the specific overt act in a Travel Act prosecution was not necessary:

> The Defendants assert that their Travel Act indictments failed to specify what illegal acts they performed or facilitated following their use of interstate facilities. However, there is no requirement that the indictment specifically identify the "thereafter" acts. As the Eighth Circuit recently noted, "an indictment is sufficient if it sets forth the offense in the statutory language, provided that the statute sets out the necessary elements of the offense." *United States v. Cerone*, 830 F.2d 938, 951 (8th Cir.1987), cert. denied, —— U.S. ——, 108 S.Ct. 1730, 100 L.Ed.2d 194 (1988). The indictments here did set forth the Travel Act offense in the statutory language. Thus, the failure to specify the "thereafter" acts was not error.

*Id.*

14. The *Muskovsky* opinion provides scant discussion and represents the Seventh Circuit's only analysis of whether identification of the overt act is required

6

in a Travel Act indictment. The opinion also rests solely on a decision from the Eighth Circuit, *United States v. Cerone*, which relies, as did the *Muskovsky* court, on the proposition that an indictment is sufficient if it recites the statutory language.

15. Neither *Muskovsky* nor *Cerone* address the more recent admonishments from the Seventh Circuit that merely tracking statutory language is not enough if the indictment fails to provide sufficient factual particulars such that the defendant is not adequately apprised of what he must be prepared to meet. Perhaps in *Muskovsky* and *Cerone*, there were other ways for the defense to decipher which particular overt act or acts were charged by the grand jury. Here there is not. The defense will be required to guess what the overt act is from the multiple allegations in Count One, and then decipher which act or acts were relied on by the grand jury. That is not the "minimum" pleading for "pinning down the specific conduct at issue" that the Seventh Circuit now requires.

16. In light of the foregoing, Mr. Andrews respectfully requests that this Court enter its order dismissing Counts Seven and Eight of the Superseding Indictment.

Respectfully submitted,

**s/Patrick W. Blegen**
**Patrick W. Blegen**

**s/Leland Shalgos**
**Leland Shalgos, Attorneys for**
**Defendant Peter J. Andrews.**

| | |
|---|---|
| **Blegen & Garvey**<br>53 West Jackson Boulevard,<br>Suite 1424<br>Chicago, Illinois 60604<br>(312) 957-0100 | **Leland Shalgos**<br>2650 West 51st Street<br>Chicago, Illinois 60632<br>(773) 925-1700 |