IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 19 CR 322-2 |
| | ) | Judge Robert M. Dow, Jr. |
| EDWARD M. BURKE, *et al.*, | ) | |
| (PETER J. ANDREWS) | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT ANDREWS' MOTION FOR A
BILL OF PARTICULARS REGARDING COUNTS SEVEN AND EIGHT**

Defendant, **PETER J. ANDREWS**, by and through his attorneys, **BLEGEN & GARVEY** and **LELAND SHALGOS**, respectfully moves this Court, pursuant to Federal Rule of Criminal Procedure 7(f), and the Due Process, Double Jeopardy, and Effective Assistance of Counsel provisions of the Fifth and Sixth Amendments to the Constitution of the United States, for an order directing the government to provide a Bill of Particulars furnishing the information sought herein in order to allow Defendant to adequately prepare his defense, to avoid being twice placed in jeopardy for the same offense, and to ensure that he is tried only on charges returned by the Grand Jury.

1. Counts Seven and Eight of the Superseding Indictment charge Mr. Andrews (along with codefendant Edward M. Burke) with violating 18 U.S.C. § 1952(a)(3), known as the "Travel Act."

2. Count Seven of the Superseding Indictment states:

1

On or about October 24, 2017, at approximately 9:57 a.m. (Session #7441), at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

EDWARD M. BURKE, and
PETER J. ANDREWS,

defendants herein, used a facility in interstate commerce, namely, a cellular telephone assigned telephone number (312) XXX-4006, with intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment and carrying on of an unlawful activity, namely, a violation of 18 U.S.C. § 1951(a) (Extortion),720 ILCS 5/33-1(e) (Bribery), 720 ILCS 5/33-3(a)(4) (Official Misconduct), and 720 ILCS 5/29A-2 (Commercial Bribe Receiving), and thereafter, the defendants did perform and attempt to perform an act to carry on and facilitate the promotion and carrying on of said unlawful activity;

In violation of Title 18, United States Code, Sections 1952(a)(3) and.2.

(Docket 30, p. 44)[1]

3. Although they use different terms, the various underlying offenses -- Federal Extortion, Illinois Bribery, Illinois Official Misconduct, and Illinois Commercial Bribe Receiving -- all require some "thing of value"[2] that is sought or received. Federal Extortion requires the obtaining of "property." 18 U.S.C. §1951(b)(2). Illinois Bribery requires "any property or personal advantage." 720 ILCS 5/33-1(e). Illinois Official Misconduct requires "a fee or reward." 720 ILCS 5/33-3(a)(4). And, Illinois Commercial Bribery requires "any benefit." 720 ILCS 5/29A-2.

---

[1] Count Eight is identical but for referencing a different date and telephone call. Based on the telephone calls charged in Counts Seven and Eight, it is clear that these counts relate only to the Restaurant Remodeling activity alleged in Count One.

[2] This term is used generically herein to encompass the various terms from the statutes.

4.      The problem with Counts Seven and Eight is that the Counts do not identify the "thing of value" that is alleged to have been sought or obtained.[3] So that Mr. Andrews can adequately prepare his defense and properly plead this case as double jeopardy against potential future prosecutions, the government should be required to formally identify the "thing of value" regarding which the Grand Jury found probable cause for Counts Seven and Eight. Without a formal identification, Mr. Andrews potentially faces a charge that was not returned by the Grand Jury; faces a moving target at which to address his defense at trial; faces future prosecutions without the ability to plead Double Jeopardy; and, faces the impossible task of guessing what it is that he is required to defend. By this motion, therefore, Mr. Andrews seeks a limited answer to a single question; that is, what is the "thing of value" at issue in Counts Seven and Eight.

---

[3] Counts Five and Six (charging Federal Extortion attempt and conspiracy) do specifically identify the property sought to be obtained; that is, "fees arising from the retention of Burke's law firm, Klafter & Burke, to be paid by Company B and its affiliate." (Docket 30, pp. 42, 43) Similarly, Racketeering Act 3 in Count One (in which Mr. Andrews is not charged) also identifies the "thing of value" as fees arising from the retention of [Alderman Burke's] law firm, Klafter & Burke. (Docket 30, p. 33) If that is the same "thing of value" that is alleged but not named in Counts Seven and Eight, then the answer is straightforward and the government should be required to submit a bill of particulars saying so.

5. Trial courts have broad discretion to grant a bill of particulars. *United States v. Kendall*, 665 F.2d 126, 134 (7th Cir. 1981). When exercising discretion, a court should consider the complexity of the charged offense, the degree of discovery available to the defense, and the clarity of the indictment. *United States v. Andreas*, No. 96 CR 762, 1998 WL 120352 at *1 (N.D. Ill. Mar. 13, 1998)(Manning, J.). Rule 7(f) of the Federal Rules of Criminal Procedure requires that the defendant be provided with "information about the details of the charge against him…if this is necessary to the preparation of the defense, and to avoid unfair surprise at trial." *United States v. Arberry*, No. 06 CR 278, 2007 WL 9706396 at *1 (E.D. Wisc. Feb. 15, 2007) (Stadtmueller, J.), *see also United States v. Rodriguez*, No. 08 CR 190, 2009 WL 1110415 at *4 (E.D. Wisc. Apr. 24, 2009) (Goodstein, J.) ("[A] defendant is entitled to know the nature of the charges against him and the government's theory of prosecution," but not "precisely how the government intends to prove its case.")

6. Here, Mr. Andrews does not seek to know "precisely how the government intends to prove its case." Rather, Mr. Andrews seeks a specific, single piece of information that Counts Seven and Eight do not reveal – the identity of the "thing of value" at issue for those Counts.

7. Mr. Andrews, of course, has a right to be tried only on the charge actually brought by the grand jury that considered his indictment. "The Fifth Amendment guarantees the right of an accused to be tried only on charges in an indictment returned by a grand jury." *United States v. Muresanu*, 951 F.3d 833, 839 (7th Cir. 2020). Altering an indictment without the approval of the grand jury "is

per se reversible error." *Id. quoting, United States v. Galiffa*, 734 F.2d 306, 311 (7th Cir. 1984)  Absent the particulars requested herein, there is a possibility that the trial jury could focus on some benefit other than what was considered by the grand jury.

  8. Likewise, absent a bill of particulars, Mr. Andrews may well be subject to double jeopardy.  There are references to offenses based on Illinois statutes in Counts Seven and Eight making the possibility of other charges readily apparent. Moreover, the Superseding Indictment in total is very broad with multiple alleged activities and more than one theory of a "thing of value."  How is one to know with certainty, for example, whether the thing of value at issue in Counts Seven and Eight is "fees arising from the retention of his law firm, Klafter & Burke," or "private benefits for BURKE's personal associates?"  (Docket 30, p. 10) And, with the "thing of value" left unidentified, how is one to assert double jeopardy based on Counts Seven and Eight against a future prosecution?

  9. The breadth of the Superseding Indictment, as well as the immense amount of discovery produced by the government, also argues in favor of the limited bill of particulars requested herein.  The Superseding Indictment alleges multiple schemes, with multiple actors and various statutes and municipal laws.  The discovery is immense, but with particular relevance here, is not limited to the theory that the "thing of value" is fees for a law firm.  Discovery also contains allegations of things of value aside from legal fees and private benefits for Alderman Burke's personal associates.  For example, and as is specifically referenced in the

criminal complaint charged against Alderman Burke, there are allegations of soliciting campaign contributions for another politician and requests to hire local workers to complete the construction project.[4]  *See, United States v. Edward M. Burke*, 19 CR 00001, Docket 1, pp. 30, 20.

10.     In *United States v. Beavers*, No. 3:16 CR 68, 2016 WL 6775966 (N.D. Ind. Nov. 16, 2016) (Magistrate Gotsch, J.), the court addressed a similar circumstance albeit for a different offense. There, the defendant was charged with transmitting a threat in interstate commerce, but the indictment did not identify the specific threat or threats at issue. *Id*. at 2. The government produced significant discovery which included multiple communications by the defendant that could have qualified as the charged threat. *Id*. at *1. In granting the defense's motion for a bill of particulars, the court reached several conclusions relevant here.

11.     First, contrary to the ordinary view, [5] a large amount of discovery can in some circumstances create the need for a bill of particulars. "The amount of information produced by the government has complicated the Defense's ability to match the conduct charged in the indictment to the information contained in the Government's discovery." *Id*. at *2.  That is also the case here.  While it may well be

---

[4] These things may well not qualify as "property" under Federal Extortion law or as, for example, "any property or personal advantage" under the Illinois Bribery statute.  Unless the government is required to provide the requested bill of particulars, however, it is also impossible to bring appropriate legal challenges.

[5] Often, comprehensive discovery is viewed as making a bill of particulars unnecessary.  *See, e.g., United States v. Fassnacht*, 332 F. 3d 440, 447 and n.2 (7th Cir. 2003); *United States v. Canino*, 949 F.2d 928, 949 (7th Cir.1991).

that it is legal fees for Klafter & Burke that is the "thing of value" for Counts Six and Seven, discovery muddies the water in that regard.

12. Second, even if the particulars sought can be gleaned from other sources (such as the government's pleadings in *Beavers)*, that makes a bill of particulars more appropriate, not less so. "If, in fact, those statements [identified in pleadings] are the basis of the government's prosecution in this matter, it should be a simple matter to indicate as much in a bill of particulars. . . . Finally, as the government has already telegraphed its theory in its Response, the government would not be truly prejudiced by having to particularize its indictment to indicate the time, place and/or substance of its allegations. As such, any prejudice to the Government would be *de minimus*." *Id*. at *2, 3. The situation here is similar. Count One, in which Mr. Andrews is not charged and which is not incorporated into Counts Seven and Eight, seems to indicate (in Racketeering Act 3) that the "thing of value" at issue for the Restaurant Remodeling allegations is legal fees for Klafter & Burke. If that is also the case for Counts Seven and Eight, then there is no harm in requiring the government to so indicate in a bill of particulars.

13. Lastly, the requested bill of particulars would not only assist the defense in the usual ways set forth above, but would also assist the Court. The jury instructions for this case will be complex. Unless a severance is granted, the trial will involve three defendants and multiple distinct schemes. Evidentiary rulings will also be complex. The *Beavers* court made note of how a bill of particulars can assist the trial judge. "In addition, without identification of the statement or

7

statements that the government intends to introduce as direct evidence supporting a conviction . . . the Court is unable to properly shape evidentiary rulings, instruct the jury on the application of the law to the specific facts alleged in the indictment, and instruct the jury on the limited use of any Rule 404(b) evidence related to the Defendant's other communications." *Id*. at *3.

14. In light of the above, Mr. Andrews respectfully requests that the Court order the government to produce the bill of particulars requested herein.

Respectfully submitted,

**s/Patrick W. Blegen**
**Patrick W. Blegen**

**s/Leland Shalgos**
**Leland Shalgos, Attorneys for**
**Defendant Peter J. Andrews.**

| | |
|---|---|
| **Blegen & Garvey**<br>53 West Jackson Boulevard,<br>Suite 1424<br>Chicago, Illinois 60604<br>(312) 957-0100 | **Leland Shalgos**<br>2650 West 51st Street<br>Chicago, Illinois 60632<br>(773) 925-1700 |

8