**Pat Blegen** <████████>

# RE: Pete Andrews
1 message

**Kutcher, Matthew (USAILN)** <████████████████████>  Tue, Aug 18, 2020 at 6:59 PM
To: Pat Blegen <████████████████>
Cc: "Bhachu, Amarjeet (USAILN)" <████████████████████>, shalgosl <████████████>

Pat:

We stand by our prior response with respect to your discovery requests. I will get back to you on the length of our case in chief, but we have no problem with you filing in excess of 15 pages on your severance motion.

Thanks,

Matt

**From:** Pat Blegen <████████████████████>
**Sent:** Tuesday, August 18, 2020 5:41 PM
**To:** Kutcher, Matthew (USAILN) <████████████████>
**Cc:** Bhachu, Amarjeet (USAILN) <A██████████████████>; shalgosl <████████████████>
**Subject:** Re: Pete Andrews

 We appreciate the response.  The key questions to make sure we are on the same page regarding *Brady* in the materiality / 1001 context are: (1)  does your office agree that it is current DOJ policy that the materiality threshold "prevents law enforcement from fishing for falsehoods merely to manufacture jurisdiction over any statement—true or false—uttered by a private citizen or public official;" and, (2) does your office agree that internal communications, for example between agents, and agents and prosecutors, are relevant and discoverable as part of the materiality inquiry. This position regarding "fishing for false statements" (along with other similar assertions) comes from the government's motion to dismiss charges in *United States v. Michael T. Flynn*, Crim. No. 17-232, United States District Court for the District of Columbia. (Docket 198, p. 13).  The government's motion to dismiss in that case also relied in significant part on internal communications between agents, and between agents and prosecutors, that were produced to the defense in that case.  That is why we emphasized requests for those types of materials in our letter of May  26, 2020.  Please let us know the government's position on the above two questions as soon as possible as the pretrial motion filing date is in two days.

Also, please let us know the government's estimation of the length of its case in chief, and let us know whether you object to a pretrial motion (a motion for severance on behalf of Mr. Andrews) in excess of fifteen pages.  The motion is approximately twenty-one pages.

Pat

On Tue, Aug 18, 2020 at 4:36 PM Kutcher, Matthew (USAILN) <████████████████████> wrote:

Exhibit D

Pat:

Thanks for your email. We are conducting our review mindful of the specific requests made in your letter, including the types of communications you've listed. But we do not intend to produce everything that falls within the categories you have enumerated. Rather, we will produce those documents that in our judgment should be tendered under *Brady,* or any other applicable rule, law or DOJ policy.

Thanks,

Matt

**From:** Pat Blegen <​>
**Sent:** Tuesday, August 18, 2020 10:25 AM
**To:** Kutcher, Matthew (USAILN) <​>
**Cc:** Bhachu, Amarjeet (USAILN) <​>; shalgosl <​>
**Subject:** Pete Andrews

Hi Matt:

We received your letter yesterday regarding our discovery letter of May 26, 2020, related to materiality and the Section 1001 charge. We wanted to be sure that we are on the same page regarding our request. Your letter indicates that you are in the process of conducting a review for *Brady* material, but does not indicate that the review covers the topics and potential sources of discovery (such as internal communications between prosecutors, agents, etc.) referenced in our letter. It is our position that the enumerated requests and potential sources in our letter would be *Brady* material in this context. If your office disagrees, or has excluded areas or subjects requested in our letter from your review, please let us know. Otherwise, we will assume that the review being conducted by your office is consistent with the request in our letter.

Also, do you have an estimate of the length of the government's case in chief at trial? I can't remember if you have previously provided an estimate.

Regards,

Pat

--

Blegen & Garvey

53 West Jackson Boulevard

Suite 1424

Chicago, Illinois 60604

Exhibit D

(312) 957-0100

--

Blegen & Garvey

53 West Jackson Boulevard

Suite 1424

Chicago, Illinois  60604

(312) 957-0100

Exhibit D