IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

United States of America

v.

EDWARD M. BURKE,
PETER J. ANDREWS, and
CHARLES CUI

Case No. 19-CR-322

Hon. Robert M. Dow, Jr.

United States District Court Judge

**DEFENDANT CHARLES CUI'S REPLY IN SUPPORT OF
MOTION FOR SEVERANCE**

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...................................................................................... ii

ARGUMENT IN REPLY .......................................................................................... 1

 I. Joinder is not proper under Rule 8(b) because Mr. Cui's charged conduct is not part of the "same series of acts or transactions" as the other charges in the indictment, even though the government has included a RICO count. ......................................................................................................... 2

  A. Rule 8 requires severance of the counts charge against Mr. Cui. .............. 2

  B. The Government cannot evade Rule 8's requirements simply by including a RICO count in the Indictment. ................................................. 4

  C. Mr. Cui will be prejudiced unless severance is granted .......................... 10

 II. The prejudice to Mr. Cui requires permissive severance under Rule 14. ........... 11

  A. Severance is appropriate because Mr. Cui is not part of the RICO predicates and the Government can try its RICO case without Mr. Cui and there is minimal overlap in the evidence and witnesses. ............ 11

  B. It would be an abuse of discretion not to grant a severance here given the prejudice that will result to Mr. Cui. ....................................... 13

CONCLUSION .......................................................................................................... 15

CERTIFICATE OF SERVICE ................................................................................... 17

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Schaffer v. United States*,
362 U.S. 511 (1960)...................................................................................10

*United States v. Abbell*,
926 F. Supp. 1545 (S.D. Fla. 1996) ...............................................................8

*United States v. Cardall*,
885 F.2d 656 (10th Cir. 1989) .......................................................................8

*United States v. Daniels*,
803 F.3d 335 (7th Cir. 2015) .....................................................................3, 4

*United States v. Emond*,
935 F.2d 1511 (7th Cir. 1991) ...............................................................14, 15

*United States v. Hosseini*,
679 F.3d 544 (7th Cir. 2012) .........................................................................7

*United States v. Krout*,
66 F.3d 1420 (5th Cir. 1995) .........................................................................8

*United States v. Lanas*,
324 F.3d 894 (7th Cir. 2003) .........................................................................9

*United States v. Manzella*,
782 F.2d 533 (5th Cir. 1986) .....................................................................7, 8

*United States v. O'Malley*,
796 F.2d 891 (7th Cir. 1986) .......................................................................12

*United States v. Phillips*,
239 F.3d 829 (7th Cir. 2001) ...........................................................4, 9, 12, 13

*United States v. Stillo*,
57 F.3d 553 (7th Cir. 1995) ...............................................................5, 6, 8, 9

*United States v. Tellier*,
83 F.3d 578 (2d Cir. 1996)...........................................................................10

*United States v. Velasquez*,
772 F.2d 1348 (7th Cir. 1985) .............................................................3, 4, 10

*United States v. Warner*,
498 F.3d 666 (7th Cir. 2007) .......................................................................14

**TABLE OF AUTHORITIES**
**(continued)**

Page(s)

**Cases**

*United States v. Welch*,
  656 F.2d 1039 (5th Cir. 1981) ............................................................................................7, 8

*Zafiro v. United States*,
  506 U.S. 534 (1993)...............................................................................................................13

**Other Authorities**

Federal Rule Criminal Procedure 8......................................................................... *passim*

Federal Rule Criminal Procedure 14....................................................................... *passim*

## ARGUMENT IN REPLY

The government's response attempts to circumvent the rules regarding joinder of criminal defendants solely by relying on a RICO count in which Mr. Cui is not charged or alleged to have participated in the charged predicate acts. But the government cannot bootstrap Mr. Cui into this case by pointing the presence of a RICO count against Mr. Burke. Rule 8(b) and Rule 14 provide important limitations on when defendants charged in the same indictment can be tried together. A RICO case is no exception.

The RICO count is the government's only response to Mr. Cui's argument that under either rule severance of the counts against him for a separate trial is necessary. But the indictment neither mentions Mr. Cui in reciting the predicate acts for the RICO count nor charges him as participating in any conspiracy that serves as a RICO predicate. The indictment does not allege that Mr. Cui was part of the RICO enterprise, that Mr. Cui conspired to further the enterprise, or that Mr. Cui had any knowledge of Mr. Burke's alleged use of the enterprise to commit acts of racketeering. Without such allegations in the indictment, Rule 8(b) requires severance.

The prejudice against Mr. Cui from being tried jointly would be severe. The government does not contest that the vast majority of the evidence would not be admissible in a separate case against Mr. Cui and does not contest that Mr. Cui is, at most, a bit player in a sweeping public corruption case.

Indeed, the government's misplaced reliance on the RICO count (and failure to recognize which charges and portions of the indictment actually concern Mr. Cui) only confirms the near-certainty that jurors will suffer from the same confusion. Like the government, a jury seeking to send a message in a high-profile public corruption case would likely fail to distinguish Mr. Cui from his co-defendants and hold any of their wrongdoing against him. Severance is required under Rule 8(b) and, in the alternative, necessary under Rule 14 to protect Mr. Cui's right to a fair trial.

I.     **JOINDER IS NOT PROPER UNDER RULE 8(B) BECAUSE MR. CUI'S CHARGED CONDUCT IS NOT PART OF THE "SAME SERIES OF ACTS OR TRANSACTIONS" AS THE OTHER CHARGES IN THE INDICTMENT, EVEN THOUGH THE GOVERNMENT HAS INCLUDED A RICO COUNT.**

Mr. Cui's motion for severance argued that joinder was impermissible under Rule 8(b) because the counts alleged against him were not part of an overarching common plan or scheme alleged in the Indictment. Instead, the indictment alleges a series of separate schemes with different actors. Dkt. 87 at 8. These schemes have only one thing in common: Mr. Burke.

**A.    Rule 8 requires severance of the counts charge against Mr. Cui.**

The government's response fails to show that the charges against Mr. Cui and those in the remainder of the indictment are part of the "same act or transaction" or "same series of acts or transaction" and instead relies on the presence of a RICO count against Mr. Burke as the sole basis for why joinder of otherwise unrelated schemes is permissible. *See* Resp. at 181 ("[T]he charges are connected by a common link: all defendants are charged with conduct that is also charged as a racketeering predicate."); *id.* at 182 ("The conduct alleged in these counts involve the same participants and subject matters as the RICO predicates alleged in Count 1."). But the presence of a RICO count alone in an indictment does not allow the government to evade the strictures of Rule 8. And here, where the RICO count's charged predicate acts do not include or discuss Mr. Cui, and Mr. Cui is not charged with any conspiracy that is also a RICO predicate, Rule 8(b) still requires severance of the counts alleged against Mr. Cui.

The government argues that there is one common theme that unites the counts: "They all involve Burke using his position as a powerful alderman for his and

his associates' personal benefit, and defendants' efforts to benefit from Burke's willingness to trade his power for private benefits and to cover up their unlawful conduct." Resp. at 182. If it were enough to "have participated in the same act or transaction, or in the same series of acts or transactions" for one defendant to be charged in most the counts and that those counts alleged participation in the same type of criminal offense, then joinder would have been proper in *United States v. Daniels*, 803 F.3d 335 (7th Cir. 2015).

But *Daniels* rejected joinder and rejected the argument made now by the government. In that case, as here, the government argued that "the three defendants . . . all participated in a 'same series of acts or transactions'—a spree of violent bank robberies involving the same modus operandi and the same crew of individuals." *Id.* at 339. But *Daniels* explained that "the indictment did not charge a conspiracy, or even separate conspiracies"; instead, it "alleged three separate bank robberies (and the related firearm counts) against different combinations of defendants." *Id.* That is, even though the same type of criminal offense was charged and there were overlapping defendants, when there is no conspiracy charged or facts alleged that the defendants were "acting as a [unit]," *Daniels* establishes that there is misjoinder. *See id.*

Longstanding Seventh Circuit precedent confirms that "the mere fact that two conspiracies have overlapping memberships will not authorize a single indictment if the conspiracies cannot be tied together into one conspiracy, one common plan or scheme." *United States v. Velasquez*, 772 F.2d 1348, 1353 (7th Cir. 1985). Here, no

count alleges that Mr. Cui participated in any conspiracy. Count 15—the only count in which Mr. Cui and Mr. Burke are both charged—only references a single email sent August 30, 2017, in which Mr. Cui "provided information related to the initiation of a tax appeal for several properties . . . ." Dkt. 30, ¶ 61, p. 54 (Count 15).

There are no other allegations relating to Count 15 (or any other counts in which Mr. Cui is charged) that link or reference Mr. Cui's involvement in a larger plan or scheme by Mr. Burke or any associate or co-defendant. There is no allegation that Mr. Cui conspired with Mr. Burke or any other associate or co-defendant. As such, the government has merely alleged that Mr. Burke participated in various unrelated schemes (albeit of similar criminal nature) and has alleged that Mr. Cui was a participant in one of those schemes. Joinder is not permissible under Rule 8(b) in these circumstances. *Daniels*, 803 F.3d at 339; *Velasquez*, 772 F.2d at 1353.

### B. The Government cannot evade Rule 8's requirements simply by including a RICO count in the Indictment.

The government's only answer to *Daniels* and *Velasquez* is they "do not involve RICO claims." Resp. at 181. But the presence of a RICO count against Mr. Burke does not change this analysis. Rule 8's limitations cannot be circumvented simply by including a RICO charge against one defendant—the government can only properly join a non-RICO defendant by alleging that the defendant is part of the same scheme or pattern (*i.e.*, the enterprise engaged in racketeering) in the RICO count. *See, e.g.*, *United States v. Phillips*, 239 F.3d 829, 838 (7th Cir. 2001) (finding no error under Rule 8(b) because the only defendant not charged with committing a violent act in aid of racketeering "admitted he was a member of Dawg Life, and evidence further

showed that all of his co-defendants were or had been members of Dawg Life."). The government appears to acknowledge this. Resp. at 178 ("The RICO enterprise supplies the nexus to tie the various defendants and predicate offenses together."). It is not to enough to allow joinder under Rule 8(b) for the non-RICO defendant to be charged in separate count but not the predicate act for the RICO count without more.

In arguing to the contrary, the government erroneously relies on *United States v. Stillo*, 57 F.3d 553 (7th Cir. 1995). *Stillo* reaffirms the general rule discussed above that the "government cannot bootstrap multiple defendants with similar but unconnected offenses into a single indictment by combining Rules 8(a) and 8(b) and the existence of overlapping defendants." *Id.* at 557. There, it was permissible to try a non-RICO defendant on an extortion conspiracy count alongside another RICO defendant because the count in which the non-RICO defendant was charged "a necessary element of the RICO claim against [the co-defendant.]" *Id.*; *see also id.* (noting the statute of limitations issue because the "overlapping [extorsion conspiracy] was the sole predicate act to have occurred within five years of the indictment").

Although *Stillo* also noted that joinder served judicial economy purposes and that the extortion conspiracy count formed the basis for the RICO predicate act, these reasons logically follow from the fact that the extortion conspiracy count "was a necessary element of the RICO claim." *Id.* Here, there is no argument that any count charged against Mr. Cui is a necessary element of the RICO claim against Mr. Burke

(this is all the more true since Count 15 is not a conspiracy count and Mr. Cui is not mention in Count 1's recitation of the predicate acts).[1]

Moreover, even under the government's reading of *Stillo*, severance would be required: "Where an indictment charges a RICO violation, the requirements of Rule 8(b) are satisfied by establishing the existence of an enterprise and that each defendant participated in a predicate act of racketeering." Resp. at 178 (citing *Stillo*, 57 F.3d at 557). But the government did not allege in the RICO count that Mr. Cui participated in any act of racketeering. Dkt. 30 at 35-37 (fourth alleged predicate act). And although the government charged Mr. Cui and Mr. Burke with the same offense in Count 15 based on the conduct that is alleged to form the basis for the fourth RICO predicate, *see* Dkt. 30 at 54, the indictment does not (unlike in *Stillo*) charge the underlying count as a conspiracy. Mr. Cui could be dismissed and the fourth predicate act alleged in Count 1 would be entirely unaffected. Thus, the indictment does not tie Mr. Cui to the RICO enterprise, allege that he engaged in one of the racketeering predicates, or tie him to any RICO predicate by alleging a non-RICO count as a conspiracy.

The cases the government cites (at 178-80) confirm that the misjoinder problem is not solved if a RICO predicate act overlaps with a non-conspiracy count in

---

[1] Even if as the government argues (Resp. at 181 n. 65) that it gets to determine what offenses are charged, it does not have an argument here that but for the inclusion of Mr. Cui at trial it would not be able to prove the elements of a RICO charge, thus making the charge against Mr. Cui in Count 15 a necessary element of proving Count 1. Mr. Cui is not even mentioned in Count 1's recitation of the fourth predicate act of alleged racketeering. Moreover, the government does not allege that but for the fourth predicate racketeering act it could not make its RICO case against Mr. Burke.

which both a RICO and non-RICO defendant are charged. In *United States v. Hosseini*, 679 F.3d 544, 553 (7th Cir. 2012), both co-defendants were charged in the RICO count and the government's theory of the case was that the conduct in the RICO count furthered the conspiracy underlying the non-RICO count. *Hosseini* therefore did not address the propriety of trying a non-RICO defendant alongside a RICO defendant where there is no conspiracy alleged.

In *United States v. Welch*, 656 F.2d 1039 (5th Cir. 1981), the court addressed "the question whether two separate conspiracies that would not have lent themselves to joinder in a single indictment prior to RICO can be included in one indictment and tried together when a substantive RICO offense citing both conspiracies as predicate acts is also charged." *Id.* at 1052. *Welch* held that the "enterprise is the unifying link" and because "each conspiracy was aimed at participating in the affairs of the enterprise" then "acts directed at conducting the affairs of the [enterprise] through a pattern of racketeering activity were related to each other and were part of a series of acts or transactions." *Id.* Here, the government has not alleged that Mr. Cui was part of a conspiracy "aimed at participating in the affairs of the enterprise."

*United States v. Manzella*, 782 F.2d 533 (5th Cir. 1986), held that one non-RICO defendant was properly joined (Jimenez) but another RICO defendant (Canale) was not. *Id.* at 539-40. There was no evidence Canale "must necessarily have known that others were also conspiring to participate in the same enterprise through a pattern of racketeering activity." *Id.* at 538-39; *see also id.* at 539 (When deciding that otherwise unrelated conspiracies could be tried together in a RICO case "[t]o

prevent unjust association with the crimes of others, however, we required the government to show that each defendant had some knowledge of the enterprise's nature."). Likewise, *United States v. Cardall*, 885 F.2d 656 (10th Cir. 1989), involved an "ongoing series of interconnected illegal transactions amounting to the operation of a criminal enterprise." *Id.* at 668. Here, the government made no allegations regarding Mr. Cui's knowledge of the enterprise's nature in the indictment, and that knowledge cannot be assumed. *See Manzella*, 782 F.2d at 538.

In *United States v. Krout*, 66 F.3d 1420, 1429 (5th Cir. 1995), a RICO conspiracy charge provided the necessary link among defendants—there is no such RICO conspiracy charge here. These cases do not support the government's position that the RICO count solves its Rule 8(b) joinder problem as to Mr. Cui.

*Stillo* and other cases hold that in certain circumstances allegations in a RICO count **may** provide a "common thread" justifying joinder of a non-RICO defendant under Rule 8(b). *See also United States v. Abbell*, 926 F. Supp. 1545, 1549 (S.D. Fla. 1996) ("A RICO conspiracy count can be that 'common thread.'"); *Welch*, 656 F.2d at1051 ("When otherwise separate offenses are charged as predicate acts of a substantive RICO count, ***they may be related*** to each other in such a way as to satisfy Rule 8(b)."). But where a defendant's conduct is not discussed in the RICO charge's predicate acts, not tied to a predicate act through a underlying conspiracy count, and not alleged to be part of (or knowingly further) the enterprise, the presence of a RICO count does not satisfy Rule 8(b)'s "same series of acts or transactions" requirement.

This understanding of how Rule 8(b) interacts with a RICO count makes sense: it prevents the government from evading Rule 8's boundaries by joining defendants with similar-but-unrelated offenses in one case simply by alleging a RICO count against one defendant. For joinder to be proper under Rule 8(b), the government must allege that the defendants are part of the same enterprise, *see Phillips*, 239 F.3d at 838, or charged in a conspiracy involving one of the predicate acts, *see Stillo*, 57 F.3d at 557. Neither is found in the indictment as to Mr. Cui. The government cannot now argue that "all defendants are charged with conduct that is also charged as a racketeering predicate," Resp. at 181, because Mr. Cui's alleged conduct is not included in the fourth predicate for the RICO count—even if Count 15 includes him as a co-defendant—and the analysis under Rule 8 is limited to the indictment.[2] *See United States v. Lanas*, 324 F.3d 894, 899 (7th Cir. 2003). The government's failure to mention Mr. Cui in any RICO predicate act shows it does not consider him necessary (or relevant) to tell the "total story" for the alleged racketeering scheme. *Stillo*, 57 F.3d at 557.

Moreover, even if Mr. Cui being charged alongside (but not in a conspiracy with) Mr. Burke in Count 15 were sufficient to tie Mr. Cui to the RICO count on that specific count, that conclusion would not account for the counts that are not RICO predicates. The government admits that Counts 12, 13, 14, and 17 charged against

---

[2] Despite the government's attempt to lump the analysis of the joinder of Mr. Andrews and Mr. Cui together, unlike Mr. Andrews, there is no mention of Mr. Cui or reference to whatsoever in Count 1's recitation of the predicate acts. Mr. Andrews, unlike Mr. Cui, is also charged with conspiracy.

Mr. Cui are not predicates for the RICO count. Resp. at 182 ("do not double as predicate acts"). At the very least, these counts must be severed under Rule 8.

    **C.**    **Mr. Cui will be prejudiced unless severance is granted**.

Failing to sever the counts against Mr. Burke would not be harmless. There is an acute risk for substantial prejudice from requiring Mr. Cui to go to trial with Mr. Burke and Mr. Anderson. The government makes no argument that joinder would be proper here even if there was no RICO count in the indictment or proper if the RICO claim failed as a basis for joinder of Mr. Cui.[3] With a RICO count there is a substantial risk to Mr. Cui for an "enormous amount of prejudicial spillover evidence admitted to prove the [alleged] RICO 'enterprise' and its extensive criminal activities." *See United States v. Tellier*, 83 F.3d 578, 581–82 (2d Cir. 1996). The Seventh Circuit also commands that "[w]hen the trial reveals that different offenses or offenders should not as a matter of fact have been joined in one indictment, the trial judge must be 'particularly sensitive to the possibility of . . . prejudice.'" *Velasquez*, 772 F.2d at 1355 (quoting *Schaffer v. United States*, 362 U.S. 511, 516 (1960)). Because the RICO count is the only alleged thread the government points to that could possibly tie the counts in the indictment together satisfying Rule 8(b), and the RICO count does not charge Mr. Cui, the RICO predicates do not mention Mr. Cui, there is no allegation that Mr. Cui participated in the RICO enterprise, and the indictment does not include a conspiracy count that is also a RICO predicate, this Court should be particularly sensitive to whether joinder is proper. Any error by this

---

[3] In the event this Court were to dismiss the RICO count before trial, severance would be required here because it is the government's only basis for joinder.

court in allowing Mr. Cui to be tried with the other defendants would be highly prejudicial and would constitute reversible error on appeal. Severance is required under Rule 8(b).

## II. The prejudice to Mr. Cui requires permissive severance under Rule 14.

Even if Rule 8(b) does not require severance, Mr. Cui should be severed under Rule 14. The government does not deny that Mr. Cui's role is minimal and that most the evidence at trial will be irrelevant to him and prejudicial. *See* Resp. at 191-93 (addressing Mr. Cui's specific Rule 14 arguments); *id.* (acknowledging "Mr. Cui did not play as all-encompassing a role as Burke"). Instead, the government argues that trying the defendants together is proper because this is a RICO case, Resp. at 184, and then specific to Mr. Cui, that judicial economy and the availability of a limiting jury instruction outweigh any prejudice he faces being tried together with Mr. Burke and Mr. Anderson, Resp. at 191-192. The government is wrong on both arguments.

### A. Severance is appropriate because Mr. Cui is not part of the RICO predicates and the Government can try its RICO case without Mr. Cui and there is minimal overlap in the evidence and witnesses.

As to the argument that severance is not warranted in a RICO case, as discussed above, this argument does not apply to Mr. Cui. The government did not mention Mr. Cui in the RICO predicates (including the fourth predicate act), did not charge him with a conspiracy count that was based on the same conduct as a RICO predicate, and did not allege that he was acting as part of an enterprise or with knowledge he was furthering the enterprise's racketeering activities. Without more, arguing that "a RICO charge links the defendants' criminal conduct" is not sufficient to demonstrate judicial economy under Rule 14. *See* Resp. at 184.

-11-

Here there is no allegation that Mr. Cui participated in the RICO enterprise, such that there would be a substantial overlap in evidence and witnesses with the RICO case that would favor a judicial economy argument. No evidence about the RICO enterprise would be necessary to the allegations against Mr. Cui. *United States v. O'Malley*, 796 F.2d 891 (7th Cir. 1986), which the government cites, highlights why the failure to make allegations about Mr. Cui's involvement in the alleged enterprise (here, the City of Chicago) is fatal to its arguments: "Under RICO, it is irrelevant that each defendant participated in the enterprise's affairs through different and unrelated crimes. Although the defendants used different means, **they were alleged to have participated in the same offense: furtherance of the enterprise**." *Id.* at 895 (internal quotations and citations omitted); *see also Phillips*, 239 F.3d at 838-39 (severance of a non-RICO defendant from RICO defendants not warranted where it was shown he was part of the same enterprise in the RICO charge and was acting to further that enterprise).

If anything, these RICO cases and the government's argument (seeking to tie Mr. Cui to the RICO enterprise without any allegations in the indictment) demonstrate exactly why a Rule 14 severance is needed: there is a substantial likelihood that the jury will suffer the same confusion as the government and believe that Mr. Cui was involved in the racketeering enterprise. Despite the absence of supporting allegations in the indictment, the government compares this case to one in which the non-RICO defendant was a member of the same street gang as the RICO

defendant (and was thus indisputably aware of and involved in furthering the RICO enterprise). *See Phillips*, 239 F.3d at 838-39.

Not only would there be prejudice from the vast amounts of spill-over evidence from the RICO count to the counts against Mr. Cui, but if the government cannot properly differentiate between the RICO charge against Mr. Burke and what is alleged in the indictment as to Mr. Cui, the jury surely cannot be expected to do so.

**B.      It would be an abuse of discretion not to grant a severance here given the prejudice that will result to Mr. Cui.**

Nor are the government's arguments about judicial economy and the availability of a limiting instruction sufficient to outweigh the prejudice that Mr. Cui would suffer from being tried alongside Mr. Burke and Mr. Anderson. The government argues that "a properly instructed jury will be able to separate the counts that relate to Cui from those that do not." Resp. at 191. As discussed, not only would there be significant prejudicial spill-over evidence from the RICO count, but there is significant potential that the jury will not, in fact, be able to separate what is actually charged against Mr. Cui in the indictment (not a RICO count, not a conspiracy that is a RICO predicate, and not involvement in the RICO enterprise) from the RICO case against Mr. Burke. This potential for prejudice arising from juror confusion and the vast amounts of spill-over evidence far outweighs any benefit to the government in judicial efficiency from trying Mr. Burke and Mr. Cui together or inconvenience to the small number of overlapping witnesses as the government argues at 191-92. *See Zafiro v. United States*, 506 U.S. 534, 539 (1993) ("[E]vidence of a codefendant's

wrongdoing in some circumstances erroneously could lead a jury to conclude that a defendant was guilty.").

The government does not contest that Mr. Cui faces potential prejudice from being tried in a sweeping public corruption case involving a co-defendant who is a well-known Chicago alderman and other widely publicized allegedly corrupt schemes. *See* Dkt. 87 at 12 (arguing the high-profile public nature of Mr. Burke's position and the other alleged predicate acts prejudices Mr. Cui). The government does not contest Mr. Cui is a "bit player." Resp. at 191. This is not a case where Mr. Cui is alleged to have engaged in a conspiracy with Mr. Burke where most of the evidence would be admissible even if Mr. Cui was tried separately. *Compare with United States v. Warner*, 498 F.3d 666, 701 (7th Cir. 2007) (explaining that in high-profile public corruption case evidence against former Illinois governor would be admissible against co-defendant because of conspiracy counts even in separate trial and that as co-conspirator with governor that high-profile corruption still would have been at center of a separate trial). A separate trial would result in a very real difference in what evidence is admissible, the public spotlight that is on Mr. Cui leading up to and during the trial, and what the jury hears about Mr. Burke and public corruption.

The government argues that Mr. Cui cannot show severance is warranted under Rule 14. Resp. at 193. But this case crosses the "outer limits of [a court's] discretion in deciding severance issues." *United States v. Emond*, 935 F.2d 1511, 1516–17 (7th Cir. 1991). As in *Edmonds*, which also involved a RICO count, "[f]or the great majority of a lengthy trial [Mr. Cui] and [his] lawyer [will be] spectators,

watching as a parade of witnesses testif[y] concerning the various schemes in which [his co-defendants] were charged." *Id.* at 1517. The numerous limiting instructions "not to consider certain testimony in determining [Mr. Cui's] guilt or innocence" the government insists will be sufficient to cure any prejudice here "may [lose] their effect through sheer repetition, or may [pique] the jury's curiosity as to [Mr. Cui's] role in [his co-defendants] various misdeeds." *Id.* "[N]ot granting [Mr. Cui's] severance motion in this case [will test] the ability of jurors not to tar [Mr. Cui] with the broad brush applied to [his codefendants]." *Id.* As in *Edmonds*, "justice would [be] better served by trying" the case against Mr. Cui separately. Failure to grant severance under Rule 14 would be an abuse of discretion.

## <u>CONCLUSION</u>

This Court should sever all counts alleged against Mr. Cui for a separate trial under Rule 8(b) or, in the alternative, under Rule 14.

Dated:  August 20, 2021

Respectfully submitted,

Morgan, Lewis & Bockius LLP

By: /s/ *Tinos Diamantatos*

Tinos Diamantatos
Megan R. Braden
Alex D. Berger
77 West Wacker Drive
Chicago, IL  60601-5094
Telephone: +1.312.324.1000
Facsimile: +1.312.324.1001
tinos.diamantatos@morganlewis.com
megan.braden@morganlewis.com
alex.berger@morganlewis.com

William R. Peterson
Catherine L. Eschbach
1000 Louisiana Street, Suite 4000
Houston, TX 77002
Telephone: +1.713.890.5000
Facsimile: +1.713.890.5001
william.peterson@morganlewis.com
catherine.eschbach@morganlewis.com

Counsel for Defendant Charles Cui

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed on August 20, 2021 using the CM/ECF system, which will send notification of such filing to all counsel of record.

_/s/ Tinos Diamantatos_