IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 19 CR 322 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| EDWARD M. BURKE, | ) | |
| | ) | |
| Defendant. | ) | |

**ALDERMAN EDWARD M. BURKE'S REPLY IN SUPPORT OF HIS
MOTION TO DISMISS AND STRIKE THE STATE BRIBERY,
COMMERCIAL BRIBERY, AND OFFICIAL MISCONDUCT CHARGES**

Defendant, Alderman **EDWARD M. BURKE**, by and through his undersigned attorneys, respectfully submits his reply in support of his Motion to Dismiss and Strike the State Bribery, Commercial Bribery, and Official Misconduct Charges. (Dkt. 106, 107).

**I.      INTRODUCTION**

Ald. Burke argued in his motion that the "significant" constitutional concerns the Supreme Court expressed in *McDonnell v. United States*, 136 S. Ct. 2355, 2372–73 (2016) regarding the Government's broad interpretation of a federal bribery statute apply with equal force to the Illinois bribery, commercial bribery, and official misconduct statutes (the "State statutes"). (Dkt. 107). The State statutes, which underlie the RICO and Travel Act charges, are even broader and more ambiguous than the bribery statute the *McDonnell* Court salvaged from a "vagueness shoal" by narrowly cabining the definition of "official act." 136 S. Ct. at 2373.

While the Government argues that this is a "radical" position, and that the import of *McDonnell* has been overstated (Dkt. 139 at p. 88), Ald. Burke's arguments adhere to the Supreme

Court's clear constitutional guidance in *McDonnell*. The Government's arguments to the contrary either ignore that guidance, or offer up many of the same positions the Supreme Court considered and rejected in *McDonnell*.

## II.     ARGUMENT

Ald. Burke submits that the State statutes do not comport with the First Amendment, because the statutes pose the same overbreadth concerns raised in *McDonnell* with respect to the Government's limitless interpretation of the phrase "official act." (Dkt. 107 at pp. 9–10). In particular, the phrases which serve as the *quos* of the State statutes—"any act related to the employment or function" of a "public officer" (720 ILCS 5/33-1(e)), "conduct in relation to his employer's or principal's affairs" (720 ILCS 5/29A-2), and "any act" (720 ILCS 5/33-3(a)(4))—are even more expansive than the Government's broad interpretation of the phrase "official act" that the *McDonnell* Court warned could run afoul of the First Amendment.

Specifically, to avoid the constitutional concerns which would arise if every act of a public official could serve as the *quo* of a prohibited *quid pro quo*, the *McDonnell* Court held that an "official act" requires a "formal exercise of governmental power that is similar in nature to a lawsuit before a court, a determination before an agency, or a hearing before a committee" on a "question, matter, cause, suit, proceeding or controversy" that "must also be something specific and focused." *McDonnell*, 136 S. Ct. at 2372. The State statutes fall far from this rubric.

The State statutes are also unconstitutionally vague, because the statutes are not defined "with sufficient definiteness that ordinary people can understand what conduct is prohibited," or "in a manner that does not encourage arbitrary and discriminatory enforcement." *Id*. at 2373 (quoting *Skilling v. United States*, 561 U.S. 358, 402–03 (2010)). Moreover, the novelty of the charges, in particular the *sui generis* commercial bribery charges, raises fundamental questions of

fair notice, especially given the Government's concession it is unaware of any prosecution in Illinois of this kind. (Dkt. 139 at p. 82 n.28).

> A. **The Illinois Bribery Statute is Overbroad and Vague Because the Phrases "Any Act Related to the Employment or Function" of a "Public Officer" and "Personal Advantage" Do Not Comport With *McDonnell, McNally, Skilling or Kelly*.**

The Illinois bribery statute criminalizes the solicitation and receipt of "any property or personal advantage pursuant to an understanding" a person will "improperly influence or attempt to influence the performance of *any act related to the employment or function*" of a "public officer." (720 ILCS 5/33-1(e)) (emphasis added). Since the *quo* of this prohibited *quid pro quo* is not sufficiently cabined to avoid the First Amendment overbreadth and vagueness concerns articulated in *McDonnell*, the statute cannot pass constitutional muster.

In its response, the Government does not even attempt to explain how "*any act* related to the employment or function," of a public official could be construed to avoid acts such as setting up a meeting for a constituent, or hosting an event—the quotidian acts the Supreme Court warned could be criminalized by an overly broad definition of an official act. *McDonnell*, 136 S. Ct at 2372. Nor does the Government address how the statute would not criminalize the examples of conduct the Court in *Sun-Diamond* said would be "absurd[]." *Id.* at 2365–66, 2370–71.

Instead, the Government argues that the words "improperly influence" in the statute—which have nothing at all to do with the *quo* of the prohibited *quid pro quo*—sufficiently cabin the statute such that there are no First Amendment[1] concerns. (Dkt. 139 at p. 92). In making this

---

[1] The Government argues that bribery is not protected speech under the First Amendment. (Dkt. 139 at p. 90). That is self-evident, and not in dispute. However, the Supreme Court nevertheless warned in *McDonnell* that an overly broad statute criminalizing bribery could have a chilling effect and "cast a pall of potential prosecution" over legitimate, First Amendment activity. *McDonnell*, 136 S. Ct. at 2372. The Government made this same argument in *McDonnell* as well, which the Court rejected with its thoughtful First Amendment analysis. *Compare* Brief of United States in the Supreme Court of the United States, *McDonnell v. United States* (Case No. 15-474), pp. 32–36, *with McDonnell*, 136 S. Ct. at 2372. Similarly, the Government argues that campaign contributions do not fall within the

3

assertion, the Government argues that "improperly" is synonymous with "unlawfully"—citing a reference to the statute's legislative history. (Dkt. 139 at p. 91 n.32).

The Government's argument is flawed. First, the Government fails to acknowledge that section 5/33-1(e) is the *only* subsection of the Illinois bribery statute which is not cabined by the phrase "not authorized by law." (Dkt. 107 at pp. 15–16). The negative implication canon of statutory construction—*expressio unius est exclusio alterius* (the expression of one thing implies the exclusion of others)—therefore suggests 5/33-1(e) is not cabined by "unlawfully." *See People v. Lisa M. (In re D.W.)*, 214 Ill. 2d 289, 308 (2005). Second, the "most reliable indicator of legislative intent is the language of the statute." *Better Gov't Ass'n v. Office of the Special Prosecutor (In re Appointment of Special Prosecutor)*, 2019 IL 122949, ¶ 23. Critically, here the legislature specifically *removed* the phrase "not authorized by law" from section 5/33-1(e) in 1986, and replaced it with "improperly." *People v. Freedman*, 155 Ill. App. 3d 469, 471–72 (1st Dist. 1987). The Government's interpretation of the word "improperly" as synonymous with "unlawfully" is therefore unsupported by both the text and construction of the statute.

The Government also argues that the scienter, or *mens rea*, elements of the State statutes are a silver bullet to First Amendment overbreadth. (Dkt. 139 at p. 92). But by the Government's reasoning, only strict liability statutes could ever be stricken as overbroad. This claim does not square with either *McDonnell* or relevant First Amendment jurisprudence.[2] The Government further marshals support for its position that a *mens rea* element ameliorates overbreadth by

---

ambit of the Illinois bribery statute. (Dkt. 92). Yet, once again here, the same was technically true with respect to the federal statute analyzed in *McDonnell*. Nevertheless, the Court took pains to explain that stretching the statute could chill such activity.

[2] *See, e.g.*, *United States v. Stevens*, 130 S. Ct. 1577 (2010) (holding statute criminalizing the knowing creation and/or distribution of illegal animal abuse imagery overbroad and invalid under the First Amendment); *Ashcroft v. Free Speech Coalition*, 535 U.S. 234, 244 (2002) (holding statute criminalizing the knowing possession or distribution of visual depictions that are or appear to be minors engaging in sexually explicit activity overbroad and invalid under the First Amendment).

pointing to decisions in *United States v. Thompson*, 76 F.3d 442, 452 (2d Cir. 1996), and *United States v. Shotts*, 145 F.3d 1289, 1301 (11th Cir. 1998) which rejected constitutional challenges to a federal statute criminalizing "corruptly" obstructing justice and witness tampering. (Dkt. 139 at pp. 91–92). In particular, the Government argues that federal statutes with the phrase "corruptly" sufficiently guard against infringement of protected speech. *Id*. But the phrase "corruptly" is nowhere to be found in the Illinois bribery statute; and, obstructing justice and witness tampering is a very dissimilar circumstance that does not raise the core constitutional concerns at issue here. The decisions in *Thompson* and *Shotts* are too dissimilar, and in any event do not address the *quo* of the Illinois bribery statute—the focus of Ald. Burke's constitutional arguments.

Further grasping to support this point, the Government takes the surprising position that the Illinois statute is somehow *narrower* than the statute analyzed in *McDonnell*. (Dkt. 139 at p. 99). Specifically, the Government argues that "the Illinois state bribery statute is narrower than the honest services fraud statute considered in *McDonnell*" because "it requires a defendant to seek to improperly influence a public official, a phrase synonymous with corrupt or unlawful influence." (Dkt. 139 at p. 99). Implicit in this argument is the incorrect claim that honest services fraud does not include a corrupt mindset, which is untrue.[3]

As to Ald. Burke's vagueness arguments, the Government argues that "[a] statute is not vague merely because it is not delimited along the exact same lines as another." (Dkt. 139 at p. 99). But when the Supreme Court has unanimously criticized venturing beyond the contours of a

---

[3] *See* 7th. Cir. Pattern Inst., 18 U.S.C. §§ 1341, 1343, 1346 (providing that honest services mail/wire fraud in the form of a bribery scheme requires proof of the intent to influence, *i.e.*, that the "public official knew that the thing of value was offered with the intent to exchange the thing of value for the performance of the official act"); *see also United States v. White*, 737 F.3d 1121, 1130 (7th Cir. 2013) (to sustain mail/wire fraud prosecution defendant must have the intent to defraud, meaning "the specific intent to deceive or cheat, usually for the purpose of getting financial gain for one's self or causing financial loss to another").

particular statute, courts can reasonably question similar statutes using the Supreme Court's clear constitutional guidance.  *McDonnell*, 136 S. Ct. 2372–73.

The Government also cites to *Ferriero* in support of its opposition to Ald. Burke's vagueness arguments, where the Third Circuit declined to hold the New Jersey bribery statute unconstitutionally vague.  (Dkt. 139 at p. 99).  Yet in *Ferriero*, the Third Circuit held that the New Jersey's bribery statute was "*narrower* than the broad interpretation of 'official act' the *McDonnell* Court rejected."  *United States v. Ferriero*, 866 F.3d 107, 128 (3d Cir. 2017) (emphasis added).  The statute proscribed: "[A]ccept[ing] or agree[ing] to accept . . . [a]ny benefit as consideration for a decision, opinion, recommendation, vote or exercise of discretion of a public servant, party official or voter on any public issue or in any public election."  *Ferriero*, 866 F.3d at 113 (citing N.J. Stat. Ann. § 2C:27-2).  Given the precision of the New Jersey statute, particularly as compared with the Illinois statute, *Ferriero* actually supports Ald. Burke's arguments.

Importantly, the Government apparently declined to address Ald. Burke's arguments that the intangible nature of the phrase "personal advantage" runs afoul the *McNally*, *Skilling*, and *Kelly* cases.  (*See* Dkt. 107 at pp. 19–20).  Instead, the Government simply argues that "appropriate legal instructions" will carry the day, concluding that the instructions are not ripe for discussion.  (Dkt. 139 at p. 99 n.36).  But jury instructions are unlikely to cure these ambiguous statutes.

Finally, the Government generally argues that the significance of *McDonnell* has been overstated,[4] noting that certain other state bribery statutes have not been found unconstitutional in the several years following the decision.  (Dkt. 139 at p. 95).  But the fact that other courts have

---

[4] However, when the Government argued the *McDonnell* case, it told the Supreme Court that Governor McDonnell's arguments regarding the interpretation of "official action," which ultimately prevailed unanimously, "ask[ed] th[e] Court to *cast aside a century of settled law*" regarding the interpretation of bribery law.  Brief of United States in the Supreme Court of the United States, *McDonnell v. United States* (Case No. 15-474), p. 15 (emphasis added).

found different state bribery statutes constitutional in the wake of *McDonnell* does not mean that *these Illinois statutes*, which have not yet been challenged, are constitutionally sound.

> B. **The Illinois Commercial Bribery Statute is Overbroad and Vague Because the Phrase "Conduct in Relation to his Employer's or Principal's Affairs" Does Not Comport with *McDonnell*, and the Statute's Novel Use Here Violates the Fair Notice Requirement of Due Process.**

The commercial bribery statute prohibits an "employee, agent or fiduciary" who, "without consent of his employer or principal," "solicits, accepts or agrees to accept any benefit from another person upon an agreement or understanding that such benefit will influence his conduct in relation to his employer's or principal's affairs." 720 ILCS 5/29A-2. Ald. Burke submits that because "*conduct in relation to his employer's or principal's affairs*" is substantially broader than the construction of the phrase "official act" articulated in *McDonnell*, the commercial bribery statute is fatally overbroad.

Rather than address this point, the Government argues that the phrase "without consent" sufficiently cabins the statute such that it does not pose First Amendment concerns.[5] (Dkt. 139 at pp. 92–93). This argument does not address the fundamental incongruity between the broad language "conduct in relation to his employer's or principal's affairs" and the *McDonnell* Court's guidance regarding the outer contours of a constitutionally appropriate *quo*.

In response to Ald. Burke's arguments regarding the novel use of the commercial bribery statute as a predicate to Travel Act and RICO charges, the Government asserts that it is "well-settled" these charges are appropriate. (Dkt. 139 at p. 94). But elsewhere, the Government

---

[5] The Government also argues, without citation to authority, that a commercial bribery statute cannot be overbroad because "any potential overbreadth as applied to private actors does not implicate First Amendment rights." (Dkt. 139 at pp. 93–94). Yet it is self-evident that private citizens possess First Amendment rights, which when infringed upon by government action—such as the passage of an overbroad state or federal law—can violate the First Amendment. Furthermore, the Government does not address the argument that where, as here, commercial bribery charges are lodged against a public official the very First Amendment concerns discussed in *McDonnell* are placed in issue.

concedes it is aware of *no authority* to support charging an elected public official in Illinois with commercial bribery.  (*Id*. at p. 82 n.28).  It is therefore far from "well settled" that these novel charges are appropriate.[6]  Further, while the Government argues that any "novelty" involved in applying the commercial bribery statute to Ald. Burke is "not the grist of a motion to dismiss" because it involves deciding "factual matters" (Dkt. 139 at p. 93), the Court does not need to decide any "factual matters" to conclude the commercial bribery statute simply does not apply to public officials.

Equally as important, the statute's novel application in this case proves that the fair notice requirement of due process is lacking.  To this point, the Government argues that some public officials have been charged with commercial bribery, citing a Pennsylvania public official's prosecution under Pennsylvania's commercial bribery statute.  (Dkt. 139 at p. 100).  But the Government concedes that it is aware of no such use of the *Illinois* commercial bribery statute.  (Dkt. 139 at p. 82 n.28).  Nor does the Government address Ald. Burke's argument that given the novelty involved, the anti-retroactivity doctrine controls.  (Dkt. 107 at pp. 29–30).

Finally, in dismissing Ald. Burke's arguments regarding the vagueness of the text of the commercial bribery statute, the Government argues that "the statute requires a defendant to *take action* concerning the affairs of his employer (1) without the consent of his employer and (2) in return for a personal benefit."  (Dkt. 139 at p. 100) (emphasis added).  That is not accurate.  The statute provides: "A person commits commercial bribery when he confers, or offers or agrees to confer, *any benefit* upon any employee, agent or fiduciary without the consent of the latter's employer or principal, with intent to influence *his conduct* in relation to his employer's or

---

[6] Nor does the Government address at all the decisions in *United States v. Ferber*, 966 F. Supp. 90, 106 (D. Mass. 1997), *United States v. Tonry*, 837 F.2d 1281, 1283–1285 (5th Cir. 1988), or *United States v. Manzo*, 851 F. Supp. 2d 797, 812 (D.N.J. 2012), each of which involved a court's dismissal of commercial bribery charges levied against individuals never contemplated by the statutes.  (Dkt. 107 at p. 23).

8

principal's affairs." "Conduct" is not equivalent to "action" (and arguably criminalizes the *way* or manner in which one behaves) (Dkt. 107 at p. 23); and "any benefit" is not equivalent to "personal benefit." The Government's convenient rephrasing of the statute only further demonstrates the vagueness of the statutory language.

### C. The Illinois Official Misconduct Statute Is Overbroad and Vague Because the Phrase "Any Act" Does Not Comport with *McDonnell*.

In Illinois, a public officer commits official misconduct when "in his official capacity" he "solicits or knowingly accepts for the performance of *any act* a fee or reward which he knows is not authorized by law." 720 ILCS 5/33-3(a)(4) (emphasis added). Given that the limitless "any act" cannot be reconciled with the Court's guidance in *McDonnell*, Ald. Burke submits that the statute is too broad and vague to withstand constitutional scrutiny.

Once again choosing to avoid discussing the central question in issue—whether the phrase "any act" can be squared with *McDonnell*—the Government argues that a *different phrase* in the statute saves it from overbreadth. (Dkt. 139 at pp. 93–95). In particular, the Government argues the phrase "not authorized by law" cabins the statute, and prevents legitimate activity, such as campaign contributions, from falling within its reach. (*Id*. at p. 94). But that argument fails to address the fundamental infirmity of the official misconduct statute. Indeed, it is difficult to imagine how the limitless phrase "any act" could be constitutionally sufficient when the Supreme Court has expressly admonished against treating as an illegal *quo* "nearly anything a public official does." *McDonnell*, 136 S. Ct. at 2372.[7]

---

[7] The Government also incorrectly asserts that Ald. Burke's vagueness argument regarding official misconduct is insufficiently developed, such that it is waived. (Dkt. 139 at p. 101). Given that this argument significantly overlaps with the bribery and commercial bribery vagueness arguments, counsel presented it succinctly, yet in its own standalone section in Ald. Burke's 40-page brief. (Dkt. 107 at p. 38). The argument has been clearly made and is preserved for review.

9

### D. The Government Does Not Address Ald. Burke's Proposed Limiting Construction Involving the Legislative Misconduct Statute's Definition of Official Action.

Finally, the Government completely fails to address Ald. Burke's requested alternative relief—to import the construction of "official act" contained in the legislative misconduct statute into the State statutes. (Dkt. 107 at pp. 38–40). The legislative misconduct statute prohibits bribery "for any vote or influence he or she may give or withhold on any bill, resolution, or appropriation, or for any other official act"—a phrasing much more in accord with *McDonnell*'s constitutional guidance. 720 ILCS 5/33-8(a).

Given the Government's lack of response, as well as the comparable phenomenon in the federal context (wherein the federal bribery statute has been imported into the Hobbs Act and honest services fraud statutes), it would be appropriate here if the Court does not find a constitutional violation to impose a limiting construction[8] consistent with the legislative misconduct statute. *Id.*

**WHEREFORE**, Ald. Burke respectfully asks the Court to grant his motion and strike and dismiss the RICO and Travel Act charges predicated on the unconstitutionally overbroad and vague State statutes.

---

[8] As noted in Ald. Burke's opening brief, the commercial bribery statute is not readily susceptible to a limiting construction, while the bribery and official misconduct statutes arguably may be under the circumstances of this case, which charges essentially legislative misconduct. (Dkt. 107 at pp. 38–40).

Dated: August 20, 2021 　　　　　　　　　Respectfully submitted,

**JENNER & BLOCK LLP**

By: /s/ Charles B. Sklarsky
　　　Charles B. Sklarsky
　　　Anton R. Valukas
　　　E.K. McWilliams
　　　353 N. Clark Street
　　　Chicago, IL 60654
　　　Tel: (312) 222-9350
　　　csklarsky@jenner.com
　　　avalukas@jenner.com
　　　emcwilliams@jenner.com

**LOEB & LOEB LLP**

By: /s/ Joseph J. Duffy
　　　Joseph J. Duffy
　　　Andrew R. DeVooght
　　　Robin V. Waters
　　　321 N. Clark Street, Suite 2300
　　　Chicago, IL 60654
　　　Tel: (312) 464-3100
　　　jduffy@loeb.com
　　　adevooght@loeb.com
　　　rwaters@loeb.com

*Attorneys for Alderman Burke*