**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 19 CR 322 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Judge Robert M. Dow, Jr. |
| EDWARD M. BURKE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ALDERMAN EDWARD M. BURKE'S REPLY IN SUPPORT OF HIS
MOTION TO DISMISS AND/OR STRIKE "AMTRAK/POST
OFFICE"-BASED COUNTS AND RACKETEERING ACT**

Defendant, Alderman **EDWARD M. BURKE**, by and through his undersigned attorneys, respectfully submits his reply in support of his Motion to Dismiss and/or Strike the "Amtrak/Post Office"-Based Counts and Racketeering Act. (Dkt. 108).

## I.      INTRODUCTION

Counts Three and Four of the Superseding Indictment (the "Amtrak Counts") should be dismissed pursuant to Fed. R. Crim. P. 12(b)(3)(B)(v) for failing to state an offense. Specifically, those counts do not allege an essential element of the charged Travel Act violation—namely, that Ald. Burke specifically intended to violate the predicate Illinois bribery statutes by taking official actions *as an Alderman* to help resolve the Post Office developers' "issues" with Amtrak. The Amtrak allegations in Count One should be stricken pursuant to Fed. R. Crim. P. 7(d) for that same reason. Contrary to the Government's response, it is undoubtedly appropriate to address on a motion to dismiss the Indictment's failure to allege that Ald. Burke took or intended to take actions on Amtrak in his official governmental capacity.

## II.     ARGUMENT

### A.     The Amtrak Counts Should Be Dismissed and/or Stricken For Failing to Allege that Ald. Burke Intended to Violate Illinois <u>Bribery Laws by Acting in an Official Governmental Capacity.</u>

The Government argues that the Amtrak Counts are adequately pled because the counts track the statutory language of the Travel Act and cite the predicate Illinois state bribery statutes. (Dkt. 139 at pp. 45–46).  To the contrary, the Amtrak Counts are fatally insufficient for failing to allege an essential element of the Travel Act: that Ald. Burke had the specific intent to commit a state bribery offense.  *See United States v. Jones*, 909 F.2d 533, 539 (D.C. Cir. 1990) (holding that an essential element of a Travel Act violation is that "defendant specifically intended to promote" the state offense); *United States v. Bash*, 258 F. Supp. 807, 809 (N.D. Ind. 1966) (the Travel Act "requires a specific intent to promote or facilitate the violation of state law").

In particular, the Amtrak Counts fail to allege that Ald. Burke intended to take an action falling within the generic definition of bribery of a public official.  That is because the Amtrak Counts are devoid of any allegation that Ald. Burke intended to act in his official governmental capacity *vis a vis* Amtrak or to be influenced in the performance of his official duties.  *See United States v. Forsythe*, 560 F.2d 1127, 1137 n.19 (3d Cir. 1977) ("Alleging a state violation which falls within the generic category of the predicate offense is adequate to charge a violation of the Travel Act."); *Rose v. Bartle*, 871 F.2d 331, 362 (3d Cir. 1989) ("The generic description of bribery is "conduct which is intended, at least by the alleged briber, as an assault on the integrity of a public office or an official action.") (quoting *United States v. Dansker*, 537 F.2d 40, 48 (3d Cir. 1976)).

As set forth in Ald. Burke's Motion to Dismiss and/or Strike the Amtrak Counts, both the Illinois Bribery statute (720 ILCS 5/33-1(e)) and Official Misconduct statute (720 ILCS 5/33-3(a)(4)) include acting in an official capacity as an essential element.  (Dkt. 108 at pp. 5–8); *see*

1

*also* Ill Pattern Jury Instr. - Criminal 21.11.  Likewise, when the Government charges an elected official with Commercial Bribe Receiving (720 ILCS 5/29A-2), it is essential that the Government allege that the official's conduct in relation to the affairs of his employer—here a governmental entity—be influenced by a potential payment.  (*See* Dkt. 108 at p. 9)

The Amtrak Counts are fatally deficient because the counts allege only that Ald. Burke took and intended to take certain actions for the Post Office in his personal capacity, disconnected from his employment as a Chicago Alderman.  (Dkt. 139 at p. 7).  By failing to allege that Ald. Burke "formed a specific intent" to facilitate a violation of state law, the Government asks this Court to "extend the [Travel Act] by holding that proof of a lesser mens rea is sufficient to establish the crime."  *United States v. Gibson Specialty Co.*, 507 F.2d 446, 449–50 (9th Cir. 1974) (upholding lower court's dismissal of Travel Act counts of indictment for failing to show that defendants specifically intended to violate predicate state law).  Accordingly, the Amtrak Counts should be dismissed for failing to allege an essential element of the Travel Act, and the Amtrak related allegations in Count One should also be stricken as surplusage.  *See United States v. Thomas*, 3:18-CR-00045, 2018 WL 3198823, at *4 (N.D. Ind. June 29, 2018) (granting defendant's pretrial motion to strike portions of indictment as surplusage and finding stricken text to be insufficiently related to charged scheme).

### B.  The Issue of Whether Ald. Burke Allegedly Took Action Regarding Amtrak in an Official Governmental Capacity is Proper for Consideration on a Motion to Dismiss.

The Government claims that the issue of whether Ald. Burke was acting in a personal, non-governmental capacity in his dealings with Amtrak is a "factual one for the jury to assess" and is improper on a motion to dismiss.  (Dkt. 139 at pp. 43–44).  As support, the Government cites to the Supreme Court's acknowledgment in *McDonnell v. United States* that the question of whether

2

a public official's conduct constitutes an official act is the domain of a jury. (Dkt. 139 at pp. 47–48) (citing 136 S. Ct. 2355, 2371, 2375)).

This argument is a smokescreen. The quote from *McDonnell* relates to whether the *governmental* conduct at issue is the *type* that rises to the level of an official act. In *McDonnell*, there was no dispute that the Virginia Governor was arranging meetings, making phone calls, or hosting events in his capacity as Governor. *See McDonnell*, 136 S. Ct. at 2362. Conversely, at issue in Ald. Burke's Motion to Dismiss is that the Government failed to allege that Ald. Burke intended to violate the predicate Illinois bribery statutes by taking action in his official capacity (Bribery and Official Misconduct) or being influenced in the performance of his Aldermanic duties (Commercial Bribe Receiving).

In other words, while Ald. Burke's telephone calls to his personal contacts at Amtrak would not rise to the level of an official act under *McDonnell*, that is not the point of the instant motion. The point is that regardless of the type of actions Ald. Burke took or promised to take on behalf of the Post Office developers, those actions do not amount to a state bribery offense because they had nothing to do with Ald. Burke's position as an Alderman. (*See* Dkt. 108 at p. 8). Moreover—and further refuting the Government's argument—courts have affirmed that the question of whether a defendant's actions are governmental in nature is properly raised on a motion to dismiss a federal public corruption charge. *See e.g.*, *United States v. Manzo*, 714 F. Supp. 2d 486, 500 (D.N.J. 2010) (dismissing Hobbs Act charges for failing to allege that the defendant promised a *governmental* action in exchange for obtaining property); *United States v. Freedman*, 562 F. Supp. 1378, 1387–90 (N.D. Ill. 1983) (dismissing Hobbs Act charges and holding that defendants' "private conduct" was insufficient to meet Hobbs Act color of official right element).

**WHEREFORE**, Ald. Burke respectfully asks the Court to grant his Motion, and enter an order dismissing and/or striking the "Amtrak/Post Office"-based counts and racketeering act.

Dated:    August 20, 2021

**JENNER & BLOCK LLP**

By:   /s/ Charles B. Sklarsky
     Charles B. Sklarsky
     Anton R. Valukas
     E.K. McWilliams
     353 N. Clark Street
     Chicago, IL 60654
     Tel: (312) 222-9350
     csklarsky@jenner.com
     avalukas@jenner.com
     emcwilliams@jenner.com

**LOEB & LOEB LLP**

By:   /s/ Joseph J. Duffy
     Joseph J. Duffy
     Andrew R. DeVooght
     Robin V. Waters
     321 N. Clark Street, Suite 2300
     Chicago, IL 60654
     Tel: (312) 464-3100
     jduffy@loeb.com
     adevooght@loeb.com
     rwaters@loeb.com

*Attorneys for Alderman Burke*