IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 19 CR 322 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Judge Robert M. Dow, Jr. |
| EDWARD M. BURKE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**ALDERMAN EDWARD M. BURKE'S REPLY IN
SUPPORT OF HIS MOTION FOR BILL OF PARTICULARS**

Defendant, Alderman **EDWARD M. BURKE**, by and through his undersigned attorneys, respectfully submits his reply in support of his Motion for Bill of Particulars. (Dkt. 109).

**I.    INTRODUCTION**

In Ald. Burke's Motion for a Bill of Particulars (Dkt. 109), he articulated four serious ambiguities in the Hobbs Act counts of the Superseding Indictment (the "Indictment") requiring clarification—Counts One (Racketeering Act Five), Eighteen, and Nineteen. Namely, the Government failed to identify: (1) the property that Ald. Burke allegedly attempted to obtain; (2) to the extent such property consisted of a job, which position; (3) the official acts Ald. Burke allegedly committed; and (4) if the official acts involved pressuring or advising another official, which official and, the specific advice or pressure. (Dkt. 109 at pp. 12–13).

The Government's effort in its opposition brief to untangle the ambiguous Indictment is unavailing. As to the first two questions, the Government provides an answer to which it will be bound at trial that is contradicted by the facts. The Government does not answer the third and fourth questions, and instead lobs a scattershot series of alternative theories which fail to clarify

the alleged official action. Indictments must "provide some means of pinning down the specific conduct at issue." *United States v. Fassnacht*, 332 F.3d 440, 445 (7th Cir. 2003). Ald. Burke's Indictment falls short of this standard.

## II. ARGUMENT

### A. The Government Must Be Held Accountable At Trial for Its Explanation of the "Property" Ald. Burke Allegedly Attempted to Extort.

To prove a Hobbs Act violation, the Government must prove that the defendant extorted "property" from someone. *See Sekhar v. United States*, 570 U.S. 729, 737–38 (2013); *cf. Kelly v. United States*, 140 S. Ct. 1565, 1572 (2020) (unanimously overturning conviction because the government failed to establish "property" element of wire fraud). In its response, the Government asserts that the "property" at issue is the "full-time job" for which the Museum offered Ind. E-1 the opportunity to interview in September 2017. (*See* Dkt. 139 at p. 168) ("The income that Individual E-1 would have earned as a result of the full-time job undoubtedly constitutes 'property' under the Hobbs Act.").

It is difficult to understand why the Government would assert that the property Ald. Burke allegedly attempted to extort is salary from a job when Ind. E-1 was already gainfully employed by Ald. Burke.[1] The Court should require the Government to put that answer in a bill of particulars, and the Court should limit the Government to that evidentiary theory at trial. *See United States v. Glasser*, 116 F.2d 690, 702 (7th Cir. 1940), *modified*, 315 U.S. 60, 62 (1942) (effect of bill of particulars is to limit the scope of evidence at trial).

---

[1] Indeed, far from extorting any full-time job, Ald. Burke never expressly or implicitly requested the full-time position. Ind. E-1 turned down the opportunity to interview for the Museum position, and an interview was all that the Museum even considered offering. In sum, Ald. Burke never demanded that the Museum hire Ind. E-1, Ind. E-1 had no interest in being hired, and the Museum never offered the job to Ind. E-1.

2

### B. The Government's Alternate Theories Regarding What Constitutes the "Official Act" Proves the Need for a Bill of Particulars.

Extortion under color of official right requires the government to prove a *quid pro quo* in exchange for an "official act." *See McDonnell v. United States*, 136 S. Ct. 2355, 2372 (2016). Instead of stating what the alleged official act was, the Government's opposition brief sets forth a grab bag of alternate theories.

Revealingly, the Government first attempts to side-step the official act issue completely. Namely, it argues that even if it cannot prove that Ald. Burke engaged in an official act, the Indictment has alternatively alleged extortion by "wrongful fear of economic harm" (which does not require proof of an official act). (*See* Dkt. 139 at p. 171 n.60). But the Government fails to specify the economic harm Ald. Burke could (or did) threaten.

When it does turn to Ald. Burke's request to define the official act, the Government begins by pronouncing: "the superseding indictment makes clear that Burke threatened to object to Museum 1's admission fee increase, and that this threat remained very much alive as Burke took steps to determine whether Individual E-1 would entertain a full-time position with the museum." (Dkt. 139 at p. 171). Although superficially appealing, the statement lacks legal meaning. One can only speculate as to what it means "to object" to a fee increase when it is undisputed that Ald. Burke had no authority to approve, reject, or even vote on admissions fee increases. (Dkt. 109 at p. 3 n.1).

The Government next attempts an alternate official act theory: Ald. Burke would not be "objecting" to the fee increase, but would instead be "exerting pressure on another official" in some way. (Dkt. 139 at p. 172). Ald. Burke's motion noted that the Government had not identified which public official(s) Ald. Burke allegedly threatened to pressure, or what the pressure would be. The Government's opposition brief provides only a partial answer: Ald. Burke's alleged

3

"threat to call *the President of the Park District Board*" constitutes an official act. (Dkt. 139 at p. 172).

Finally, the Government posits yet another alternate official act theory: Ald. Burke was actually threatening to take some action that he lacked the de jure ability to take, but some unidentified person had some reasonable belief based on some unnamed facts that Ald. Burke had such de facto power. (*Id.* at pp. 172–73). Here too, the Government fails to pinpoint the alleged threatened official action.

The Government suggests that the evidence at trial will resolve all ambiguities regarding official action (Dkt. 139 at p. 173), but that is doubtful. The crux of the purported trial evidence (which the Government states is "consistent with discovery") is that "Museum 1 employees knew that Burke was a powerful Alderman" who "could make things difficult for the museum" and that Ind. E-2 believed Ald. Burke had threatened "to derail the admission fee increase." (*Id.*) But "mak[ing] things difficult" is an amorphous statement; it does not translate to any actual or threatened specific act, let alone an official act. The same is true with respect to the alleged threat "to derail" the increase, which could entail any number of actions—official or unofficial in nature. Indeed, the fact that Museum 1's employees viewed Ald. Burke as a "powerful" official does not magically transform all of his actual and "threatened" actions related to Museum 1 into official acts. Demonstrably, this is not a situation where the discovery reveals "the information the defendant seeks." *United States v. Vaughn*, 722 F.3d 918, 927 (7th Cir. 2013).

Ald. Burke is entitled to sufficiently concrete, substantive allegations so that he can prepare his defense without threat of unfair surprise at trial. The only way to ensure this is to require the Government to file a bill of particulars describing the specific official act or acts in issue.

4

**WHEREFORE**, Ald. Burke respectfully asks the Court to grant his Motion for a Bill of Particulars.

Dated: August 20, 2021

Respectfully submitted,

**JENNER & BLOCK LLP**

By: /s/ Charles B. Sklarsky
Charles B. Sklarsky
Anton R. Valukas
E.K. McWilliams
353 N. Clark Street
Chicago, IL 60654
Tel: (312) 222-9350
csklarsky@jenner.com
avalukas@jenner.com
emcwilliams@jenner.com

**LOEB & LOEB LLP**

By: /s/ Joseph J. Duffy
Joseph J. Duffy
Andrew R. DeVooght
Robin V. Waters
321 N. Clark Street, Suite 2300
Chicago, IL 60654
Tel: (312) 464-3100
jduffy@loeb.com
adevooght@loeb.com
rwaters@loeb.com

*Attorneys for Alderman Burke*