**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 19 CR 322 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Judge Robert M. Dow, Jr. |
| EDWARD M. BURKE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**ALDERMAN EDWARD M. BURKE'S REPLY IN SUPPORT OF HIS MOTION
TO STRIKE PREJUDICIAL SURPLUSAGE FROM THE INDICTMENT**

Defendant, Alderman **EDWARD M. BURKE**, by and through his undersigned attorneys, respectfully submits his reply in support of his Motion to Strike Prejudicial Surplusage from the Indictment. (Dkt. 110).

**I.    INTRODUCTION**

Ald. Burke moved to strike two items from the Superseding Indictment (the "Indictment") as prejudicial surplusage. (Dkt. 110). District courts grant motions to strike surplusage from an indictment when "the targeted allegations are clearly not relevant to the charge and are inflammatory and prejudicial." *United States v. Groos*, 616 F. Supp. 2d 777, 789 (N.D. Ill. 2008); *see also* Fed. R. Crim. P. 7(d). The references in the Indictment to Ald. Burke's remarks regarding Jewish lawyers should be stricken as prejudicial, and the citations to the City of Chicago Ethics Ordinance (the "Ethics Ordinance") should be stricken as surplusage that would likely confuse the jury.

II.     ARGUMENT

A.     **The Court Should Strike the Gratuitous,
       Prejudicial Reference to Jewish Lawyers.**

The Indictment includes a gratuitous reference regarding Ald. Burke's alleged belief that Company A would prefer to hire "Jewish lawyers to the exclusion of everybody else." (Dkt. 30 at p. 12). This language should be stricken as overly prejudicial under Fed. R. Crim. P. 7(d). The Government argues that Ald. Burke's offhand statement regarding Jewish attorneys is relevant because his comments allegedly "demonstrate[] [Ald. Burke's] understanding that he would get legal business in return for taking official action." (Dkt. 139 at p. 198–99).

The problem with the Government's relevancy explanation is that Ald. Burke's statement does not say anything about "official action." The plain, reasonable inference one can draw from the statement is that Ald. Burke had concluded that the owners of Company A were only going to hire Jewish lawyers. The Government's explanation is simply a non-sequitur.

Even if the Government could eke out some inference of "official action" from Ald. Burke's statement, the probative value of that inference would be far outweighed by the prejudicial nature of the statement—namely the risk that the jury will infer from the statement that Ald. Burke is anti-Semitic. That risk is real and substantial, as demonstrated by the onslaught of negative media coverage that occurred when the statement was disclosed in court filings. *See e.g.*, Jon Seidel, *Feds say Burke made a 'distasteful' comment about Jewish people as authorities investigated him*, CHI. SUN TIMES (Apr. 21, 2021), https://chicago.suntimes.com/crime/2021/4/21/22393900/feds-say-burke-made-distasteful-comment-jewish-people-as-authorities-investigated-him; Jason Meisner & Ray Long, *Federal prosecutors allege Ald. Ed Burke made anti-Semitic remark, detail ex-Ald. Solis' cooperation in*

*new court filing*, CHI. TRIB. (Apr. 21, 2021), https://www.chicagotribune.com/news/criminal-justice/ct-edward-burke-corruption-case-prosecutor-motions-reply-20210421-hpqhrmdcvjaolkpgbwzvxqrwoq-story.html.[1] Ald. Burke's comments about Jewish lawyers lack probative value and are overly prejudicial. The comments should therefore be stricken from the Indictment under Fed. R. Crim. P. 7(d).

> **B. The Court Should Strike the Gratuitous, Prejudicial References to the Chicago Ethics Ordinance.**

Ald. Burke also moved to strike the references in the Indictment to the Ethics Ordinance, on the grounds that the irrelevant references could confuse and mislead jurors into convicting Ald. Burke for violating the Ethics Ordinance (conduct which is *not even criminalized*), rather than federal law. (Dkt. 110 at pp. 3–4). Particularly given the already complex nature of the Government's RICO Indictment, the inclusion of the Ethics Ordinance is clearly prejudicial and creates risk jurors could be confused into convicting Ald. Burke of uncharged and ultimately irrelevant conduct.

Declining to address the serious risk of juror confusion and prejudice, the Government's only argument in response is that the Ethics Ordinance is "relevant." (Dkt. 139 at pp. 199–201). In particular, it argues that the Ethics Ordinance is relevant to show, for purposes of the state bribery predicates, that "[Burke's] conduct was not authorized by law and was done without the consent of the City." (*Id*. at p. 201).

The Government only cites one case, a district court decision in *United States v. Sorich*, to justify relying on the Ethics Ordinance in this manner. (*Id.*) (citing *Sorich*, 427 F. Supp. 2d 820, 834 (N.D. Ill. 2006)). But that case did not address a motion to strike or the use of an ethics

---

[1] The coverage is particularly prejudicial, and unfortunate, when considering that Ald. Burke is a well-known supporter of Jewish causes, for which he has received several awards in his over fifty years in public office.

3

ordinance to demonstrate that conduct was unauthorized. *Sorich*, 427 F. Supp. 2d at 834. Instead, the court merely made a passing reference to the use of an ethics ordinance to demonstrate the existence of a fiduciary duty in the context of an honest services fraud prosecution, which is neither the issue nor the charged crime in this case. *Id*. Nor does the Government acknowledge that the Supreme Court ultimately *rejected* the honest services fraud theory the Government prosecuted in *Sorich*, when it decided *Skilling*. *Sorich v. United States*, 709 F.3d 670, 671 (7th Cir. 2013).

The confusing reference to the Ethics Ordinance is also completely gratuitous. The Government implicitly concedes this in pointing out that the Ethics Ordinance "supplied *one source*" of legal authority (Dkt. 139 at p. 200) (emphasis added) that the alleged conduct was not authorized by law; in fact, the Illinois state laws referenced in the Indictment are sufficient to show that the alleged bribery would not have been "authorized." (*See* Dkt. 30, ¶ 1(v), Counts I, III–IV, VII–IX, XV–XVI). Including the uncharged Ethics Ordinance is thus wholly unnecessary and can only lead to juror confusion.[2]

The Government cannot articulate a valid reason to include the Ethics Ordinance in the Indictment. It is irrelevant to the charged conduct, and poses a serious risk of prejudice because the jury may improperly convict Ald. Burke for violations of the Ethics Ordinance rather than the charged federal offenses. (Dkt. 110 at pp. 3–4). The Court should strike all references to the Ethics Ordinance.

---

[2] *See, e.g.*, *United States v. Terry*, 2011 U.S. Dist. LEXIS 57288, at *29 (N.D. Ohio May 26, 2011) (striking references to judicial code from indictment, which "would be unduly prejudicial to the defendant because they may have the effect of confusing the jurors, and misleading them into thinking that the defendant is on trial for ethical violations."); *United States v. Mandel*, 415 F. Supp. 997, 1009 (D. Md. 1976) (striking reference to Code of Ethics, when code did not apply to defendant and "the indictment as presently written has a prejudicial potential for confusing jurors as to the law"); *United States v. Marlinga*, No. 04-80372, 2005 U.S. Dist. LEXIS 3188, at *14 (E.D. Mich. Mar. 2, 2005) (striking language that "may lead jurors to improperly infer that [defendant] engaged in uncharged offenses").

**WHEREFORE**, Ald. Burke respectfully asks the Court to grant his motion and order the Government to strike from the Superseding Indictment the last clause of paragraph 11, and strike all references to the Ethics Ordinance.

Dated: August 20, 2021

Respectfully submitted,

**JENNER & BLOCK LLP**

By: /s/ Charles B. Sklarsky
    Charles B. Sklarsky
    Anton R. Valukas
    E.K. McWilliams
    353 N. Clark Street
    Chicago, IL 60654
    Tel: (312) 222-9350
    csklarsky@jenner.com
    avalukas@jenner.com
    emcwilliams@jenner.com

**LOEB & LOEB LLP**

By: /s/ Joseph J. Duffy
    Joseph J. Duffy
    Andrew R. DeVooght
    Robin V. Waters
    321 N. Clark Street, Suite 2300
    Chicago, IL 60654
    Tel: (312) 464-3100
    jduffy@loeb.com
    adevooght@loeb.com
    rwaters@loeb.com

*Attorneys for Alderman Burke*