## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 19 CR 322 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Judge Robert M. Dow, Jr. |
| EDWARD M. BURKE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

### ALDERMAN EDWARD M. BURKE'S CONSOLIDATED
### REPLY IN SUPPORT OF HIS MOTION FOR SEVERANCE FROM
### CO-DEFENDANT CUI FOR PREJUDICIAL JOINDER; AND HIS MOTIONS
### TO SEVER CO-DEFENDANTS CUI AND ANDREWS ON *BRUTON* GROUNDS

Defendant, Alderman **EDWARD M. BURKE**, by and through his undersigned attorneys, respectfully submits his consolidated reply in support of his Motion for Severance from Co-Defendant Cui for Prejudicial Joinder (Dkt. 111), and his Motions to Sever Co-Defendants Cui and Andrews on *Bruton* Grounds. (Dkt. 112, 113).

I.      **ARGUMENT**

A.      **The Court Should Grant Ald. Burke's Motion for
        Severance from Co-Defendant Cui Due to Prejudicial Joinder.**

Alderman Burke moved to sever Mr. Cui under Fed. R. Crim. P. 14 due to prejudicial joinder. (Dkt. 111). In his motion, Ald. Burke argued that he would be prejudiced by a joint trial with Mr. Cui because the jury may improperly view evidence against Mr. Cui—namely, emails that Mr. Cui sent to Ind. C-1 and C-2, and not to Ald. Buke, detailing his arguably improper motivations for hiring Ald. Burke—when determining *Ald. Burke's* guilt or innocence related to

his dealings with Mr. Cui. (*Id*. at 7–9).[1] In short, without a severance, the resulting spillover effect would seriously jeopardize Ald. Burke's right to a fair trial.

The Government argues in response that "judicial economy" favors a joint trial between Ald. Burke and Mr. Cui. (Dkt. 138 at pp.183–84, 186). But "judicial economy," as the Court well knows, does not trump Ald. Burke's constitutional right to a fair trial. The Government's admission that a joint trial of all three defendants "will last a matter of weeks, not months" and is not a "mega-trial" (Dkt. 138 at p. 188) also significantly undermines its judicial economy argument.

The Government also contends that the Seventh Circuit has "*almost* universally" rejected the "evidentiary spillover" argument as a basis for severance. (Dkt. 138 at p. 184) (emphasis added). Nonetheless, in *United States v. Shorter*, 54 F.3d 1248, 1259 (7th Cir. 1995), the Seventh Circuit suggested that evidentiary spillover may be countenanced as a basis for severance when presented with other factors: "Such 'spillover' claims *alone* do not warrant severance." (emphasis added). Such other factors are present here; as set forth below, Ald. Burke has moved to sever from Mr. Cui (and Mr. Andrews) on *Bruton* grounds as well.

Moreover, there are decisions in this district and beyond suggesting that spillover alone remains a viable basis for severance under Rule 14. *See, e.g.*, *United States v. Johnson*, Case No. 09 CR 0332-9, 2011 WL 13365606, at *3 (N.D. Ill. Aug., 24, 2011) (granting motion to sever due to spillover effect); *see also United States v. Cortinas*, 142 F.3d 242, 248 (5th Cir. 1998) (reversing lower court's denial of motions for severance under Fed. R. Crim. P. 14 and finding that defendants were prejudiced by witness's "inflammatory" testimony regarding co-conspirator's criminal

---

[1] The Government wrongly argues that the prejudicial emails sent by Mr. Cui—which Ald. Burke never received—would be admissible as co-conspirator statements under Fed. R. Evid. 801(d)(2)(E). (Dkt. 138 at p. 186). But the Government fails to address Ald. Burke's argument that even if the emails could be deemed admissible under Fed. R. Evid. 801(d)(2)(E) (which is incorrect), the emails would be *excludable* under Fed. R. Evid. 403 as overly prejudicial.

activities in which defendants did not participate); *United States v. Baker*, 98 F.3d 330, 335 (8th Cir. 1996) (reversing defendant's conviction where district court erred in denying defendant's motion to sever and admitted prejudicial hearsay that should only have been considered against a co-defendant); *United States v. Breinig*, 70 F.3d 850, 852–53 (6th Cir. 1995) (holding that lower court abused its discretion by denying defendant's motion to sever under Fed. R. Crim. P. 14).

Importantly, and as the Government acknowledges, the Seventh Circuit has affirmed that "Rule 14 leaves the determination of risk of prejudice and any remedy that may be necessary to the sound discretion of the district courts." *Rollins*, 301 F.3d at 517–18; *see also* (Dkt. 138 at p. 183). As Ald. Burke contended in his motion, allowing a jury to evaluate Mr. Cui's evocative emails to Ind. C-1 and Ind. C-2 in determining whether Ald. Burke committed a bribery offense would be highly prejudicial to Ald. Burke, as it creates the risk that the jury would impute Mr. Cui's *mens rea* to Ald. Burke. (Dkt. 111 at pp. 7–8). That is particularly so because Mr. Cui emailed Ald. Burke to ask if Ald. Burke could handle his property tax appeal the very same day as he emailed Ind. C-2 that he needed Ald. Burke's "favor." *See United States v. Ford*, 435 F.3d 204, 211 (2d Cir. 2006) (striking down jury instructions which "may have confused the jury" where the instructions suggested that the bribe recipient's *mens rea* could be proved solely by showing the bribe payor's corrupt mind set).

Contrary to the Government's suggestion, "human nature," dictates that the jury may well unfairly consider Mr. Cui's emails to Ind. C-1 and C-2 when deliberating on the charges against Ald. Burke, regardless of whether the court issues a limiting instruction to the jury. *See United States v. Delatorre*, 522 F. Supp. 2d 1034, 1051 (N.D. Ill. 2007); *United States v. Andrews*, 754 F.Supp. 1161, 1177–78 (N.D. Ill. 1990) (holding that severance is appropriate where "the

evidentiary disparity is unquestionably severe" and, consequently, the court would not presume the jury has the "necessary capacity" to "faithfully observe [] instructions").

Finally, the Government argues that the evidence proving the pole sign allegations against Ald. Burke will overlap "almost entirely" with the evidence proving Mr. Cui's (and Mr. Andrews') guilt. (Dkt. 138 at p. 185). It is true that some of the pole sign evidence may overlap. However, Mr. Cui's emails to Ind. C-1 and Ind. C-2 demonstrate there is a "gross disparity" in evidence between Ald. Burke and Mr. Cui. *United States v. Stoecker*, 920 F.Supp. 876, 886 (N.D. Ill. 1996); *Andrews*, 754 F.Supp. at 1177–78. Indeed, Mr. Cui's email to Ind. C-2 in which he arguably suggested that he would hire Ald. Burke in exchange for Ald. Burke's help with a TIF for his property has no bearing on Ald. Burke's guilt or innocence.[2] The Indictment does not allege that Mr. Cui and Ald. Burke even discussed the TIF for Mr. Cui's property, and the Indictment does not charge Ald. Burke with any offense arising out of Mr. Cui's efforts to obtain the TIF for his property.

In light of the threat that the jury would improperly consider Mr. Cui's emails to Ind. C-1 and Ind. C-2 in determining whether Ald. Burke committed a bribery offense, and the gross disparity in evidence between Ald. Burke and Mr. Cui, the Court should grant Ald. Burke's motion to sever Mr. Cui for prejudicial joinder.

**B.      The Court Should Grant Ald. Burke's Motion for Severance from Co-Defendants Cui and Andrews on *Bruton* Grounds.**

Ald. Burke's Sixth Amendment right to confront and cross-examine all witnesses against him would be violated if this Court allows Mr. Cui and Mr. Andrews' out-of-court statements to

---

[2] Mr. Cui is charged in Count Twelve for bribery under 18 U.S.C. § 666(a)(2) for attempting to bribe Ald. Burke in connection with the TIF for Mr. Cui's property.

the FBI—which underpin the charges against the co-defendants under 18 U.S.C. § 1001—to be introduced in a joint trial. *Bruton v. United States*, 391 U.S. 123, 137 (1968). (Dkt. 112, 113).

The Government relies on the district court's decision in *Warner* in arguing that Mr. Cui and Mr. Andrews's statements are not "facially incriminating," and therefore, do not warrant severance. (Dkt. 138 at pp.194–98). While *Warner* may be superficially factually analogous to this case, the Seventh Circuit has also held that statements which are not facially inculpatory may be so when viewed in context. *United States v. Hoover*, 246 F.3d 1054, 1059 (7th Cir. 2001) (finding that the lower court committed a "*Bruton* error" by admitting co-defendant's confession at a joint trial and stating that although confession was not inculpatory on its face, "very little evidence is incriminating when viewed in isolation . . . [t]o adopt a four-corners rule would be to undo *Bruton* in practical effect."). The Government's entire theory at trial undoubtedly will be that the statements made by Mr. Cui and Mr. Andrews were *false statements* designed to conceal or distance those defendants from criminal conduct involving Ald. Burke, and evidence consciousness of guilt. As a result, the statements *are* incriminating given the context.

The Court should therefore sever Ald. Burke's trial from Mr. Cui and Mr. Andrews on Sixth Amendment grounds.

**WHEREFORE**, Ald. Burke respectfully asks the Court to enter an order severing his trial from that of Mr. Cui and Mr. Andrews.

Dated:  August 20, 2021                              Respectfully Submitted,


                                                     **JENNER & BLOCK LLP**

                                                     By: /s/ Charles B. Sklarsky
                                                          Charles B. Sklarsky
                                                          Anton R. Valukas
                                                          E.K. McWilliams
                                                          353 N. Clark Street
                                                          Chicago, IL 60654
                                                          Tel: (312) 222-9350
                                                          csklarsky@jenner.com
                                                          avalukas@jenner.com
                                                          emcwilliams@jenner.com


                                                     **LOEB & LOEB LLP**

                                                     By: /s/ Joseph J. Duffy
                                                          Joseph J. Duffy
                                                          Andrew R. DeVooght
                                                          Robin V. Waters
                                                          321 N. Clark Street, Suite 2300
                                                          Chicago, IL 60654
                                                          Tel: (312) 464-3100
                                                          jduffy@loeb.com
                                                          adevooght@loeb.com
                                                          rwaters@loeb.com

                                                     *Attorneys for Alderman Burke*

6