IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 19 CR 322-2 |
| | ) | Judge Robert M. Dow, Jr. |
| EDWARD M. BURKE, *et al.*, | ) | |
| (PETER J. ANDREWS) | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT ANDREWS' REPLY TO THE
GOVERNMENT'S RESPONSE TO HIS MOTION FOR A
BILL OF PARTICULARS REGARDING COUNTS SEVEN AND EIGHT**

Defendant, **PETER J. ANDREWS**, by and through his attorneys, **BLEGEN & GARVEY** and **LELAND SHALGOS**, respectfully submits the following reply to the government's Consolidated Response (Docket 139, p. 173) to his Motion for a Bill of Particulars Regarding Counts Seven and Eight. (Docket 101)

**I.    The Court Should Grant Andrews' Request for a Bill of Particulars**

The resolution of Andrews' request for a bill of particulars should be straightforward. The government has acknowledged that the "thing of value" that Andrews has requested be identified for Counts 7 and 8 is, in fact, "fees arising from the retention of Burke's law firm, Klafter & Burke." (Govt Response, p. 174) Why the government nevertheless refuses to provide a bill of particulars with this simple statement is unclear. It would plainly create little burden for the government to provide this limited information in a bill of particulars, and the government has identified no prejudice to it that would result from such a filing. The potential prejudice to Andrews is, of course, enormous.

Without a bill of particulars, Andrews runs a significant risk that he would not be able to plead a judgement on Count 7 or 8 as a bar against future prosecutions. What is he to do, wave the government's pretrial motion response around and hope that some future judge determines that document is sufficient for double jeopardy purposes? Moreover, a bill of particulars, unlike a response to pretrial motions, makes certain that the theory upon which the grand jury retuned charges in Counts 7 and 8 is the same theory that is presented, argued, and instructed at trial. The benefits of a bill of particulars in this instance are many, and there is no apparent downside. This is precisely the situation present in *Beavers*, in which the court ruled:

> If, in fact, those statements [identified in pleadings] are the basis of the government's prosecution in this matter, it should be a simple matter to indicate as much in a bill of particulars. . . . Finally, as the government has already telegraphed its theory in its Response, the government would not be truly prejudiced by having to particularize its indictment to indicate the time, place and/or substance of its allegations. As such, any prejudice to the Government would be *de minimus*."

*United States v. Beavers,* No. 3:16 CR 68, 2016 WL 6775966 (N.D. Ind. Nov. 16, 2016) (Magistrate Gotsch, J.)

The government argues that there is "little room for ambiguity that the 'thing of value' sought by Andrews was fees arising from Burke's law firm." (Govt Response, p. 175) That is not correct. First, neither Count 7 nor 8 identifies the "thing of value." Second, although the government points to Count 1, Andrews is not charged in that count, and it describes more than one potential "thing of value." (Docket 30, pp. 10 (referencing tax business and private benefits for Burke's personal associates)). Third, and most importantly, the government well knows that with regard to the Burger King issue, the discovery is replete with other arguable "things of value" other than "fees arising from the retention of Burke's law firm, Klafter & Burke."

For example, the discovery indicates that philanthropy regarding the Back of the Yards Neighborhood Counsel and donations regarding The Greater Chicago Food Depository were

discussed with Burger King representatives. Cleaning up a parking lot that was frequented by truck drivers and prostitutes was discussed with Burger King representatives. Discovery also indicates that fundraising for local politicians was discussed with Burger King representatives (and a donation was actually made). The hiring of local construction workers was also discussed with Burger King representatives. Andrews does not concede that any of these things are legally appropriate "things of value" for charges on this case. But, where the "thing of value" is unidentified for Counts 7 and 8, these issues clearly provide ambiguity such that the limited bill of particulars requested by Andrews should be ordered.

> Lastly, the government's response indicates that:
>
> Andrews' motion incorrectly assumes that the government is required to prove a "thing of value" to sustain a Travel Act conviction. R. 101 at 2. It is not. As discussed above, § 1952 does not require the government to prove that Andrews committed the "predicate" unlawful act—here, extortion, bribery, and official misconduct. *See Baker*, 227 F.3d at 961; *Karigiannis*, 430 F.2d at 150. Accordingly, the government need not prove—and the indictment need not allege—that Andrews sought or exchanged a "thing of value" in violation of state or federal law.

(Govt Response, p. 174)

The government's position is not quite correct. Andrews did not, and does not now suggest that the government must actually prove that he committed the unlawful activity (federal extortion, and Illinois bribery, official misconduct, and commercial bribe receiving) alleged in Counts 7 and 8. Section 1952 says, after all, that a defendant must act with the *intent* to promote[1] the unlawful activity. All that *Baker* and *Karigiannis* stand for then is the unremarkable proposition that proof of an actual violation of the unlawful activity is not necessary for a conviction under § 1952. *Baker*, 227 F.3d at 961, *quoting*, *United States v. Campione*, 942 F.2d 429, 434 (7th Cir.1991) ("In short, '[s]ince § 1952 does not incorporate

---

[1] "Promote" is used herein as shorthand for "promote, manage, establish, carry on, and facilitate the promotion, management, establishment and carrying on."

3

state law as part of the federal offense, violation of the Act does not require proof of a violation of state law.'"); *Karigiannis*, 430 F.2d at 150 ("proof that a state law had actually been violated was not a necessary element of the offense"). *See*, *also*, *United States v. Rizzo*, ("Proof that a state law has actually been violated is not a necessary element of the offense defined in Section 1952.")

The unlawful activity is not meaningless, however. It is an element of the offense. The Seventh Circuit recently made this clear in *Haynes v. United States*, 936 F.3d 683, 690 (7th Cir. 2019):

> In § 1952(a) itself, for example, paragraphs (1), (2), and (3) all require that the travel or use of mails or interstate or foreign commerce occur with intent to act in relation to some other "unlawful activity." Paragraph (1) requires intent to distribute the proceeds of "any unlawful activity," while paragraph (2) requires intent to commit any crime of violence "to further any unlawful activity." Paragraph (3) requires intent to "otherwise promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of any unlawful activity." The statute defines "unlawful activity" in subsection (b) to include both violent and non-violent activities: gambling, selling illegal liquor, drug distribution, prostitution, extortion, bribery, arson, money-laundering, and so on. We and other circuits interpret the "unlawful activity" language as an element that requires specific proof of a particular unlawful activity, signaling that the unlawful activity is an element.

*Id* at 690.

Because the "unlawful activity" is an element, requiring specific proof, the jury will need to be instructed on what the particular "unlawful activity" is.[2] The name of a statute will not, of

---

[2] If there were any doubt (and there should not be) that specific proof of a particular unlawful activity is required, the language in Counts 7 and 8 puts that doubt to rest. Those counts allege promotion of "an unlawful activity, namely, a violation of 18 U.S.C. § 1951(a) (Extortion),720 ILCS 5/33-1(e) (Bribery), 720 ILCS 5/33-3(a)(4) (Official Misconduct), and 720 ILCS 5/29A-2 (Commercial Bribe Receiving). Such specificity in an indictment creates an essential part of a charge, even if it did not exist in the statute. *See*, *e.g.*, *United States v. Leichtnam*, 948 F.2d 370, 379 (7th Cir. 1991).

course, suffice. How will jurors know whether Andrews promoted Illinois Commercial Bribe Receiving, for example, if it does not know what elements make up that crime?[3]

All of this is a long way of saying that the "thing of value" at issue in Counts 7 and 8 is not inconsequential. It is an important part of one of the elements of the offense. As such, the Court should require the government to provide a bill of particulars identifying the "thing of value" for Counts 7 and 8 as "fees arising from the retention of Burke's law firm, Klafter & Burke."

**II.     Conclusion**

The Court should grant Andrews' request for a bill of particulars regarding Counts 7 and 8 of the Superseding Indictment.

Respectfully submitted,

**s/Patrick W. Blegen**
**Patrick W. Blegen**


**s/Leland Shalgos**
**Leland Shalgos, Attorneys for Defendant**
**Peter J. Andrews.**

**Blegen & Garvey**
53 West Jackson Boulevard,
Suite 1424
Chicago, Illinois 60604
(312) 957-0100

**Leland Shalgos**
2650 West 51st Street
Chicago, Illinois 60632
(773) 925-1700

---

[3] Based on the rarity of that statute's use in Illinois, it is difficult to imagine that there are attorneys who could recite the elements without looking them up.

5