IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 19 CR 322-2 |
| | ) | Judge Robert M. Dow, Jr. |
| EDWARD M. BURKE, *et al.*, | ) | |
| (PETER J. ANDREWS) | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT ANDREWS' REPLY TO THE GOVERNMENT'S
RESPONSE TO HIS MOTION TO DISMISS COUNTS 7 AND 8 FOR
FAILING TO IDENTIFY THE REQUIRED SUBSEQUENT OVERT ACT**

Defendant, **PETER J. ANDREWS**, by and through his attorneys, **BLEGEN & GARVEY** and **LELAND SHALGOS**, respectfully submits the following reply to the government's Consolidated Response (Docket 139, p. 58) to his Motion to Dismiss Counts 7 and 8 for Failing to Identify the Required Subsequent Overt Act. (Docket 99)

    **I.**    **Counts 7 and 8 Should be Dismissed for Failing to Identify a Subsequent Overt Act**

The government's response highlights the necessity of identifying the specific overt acts upon which the grand jury made its decision to indict, and illustrates precisely why Counts 7 and 8 should be dismissed. In responding to Andrews' argument that those counts do not provide sufficient information for "pinning down the specific conduct at issue" or to "determine with certainty" what subsequent overt acts are charged, the government points to Paragraphs 33-49 of Count 1. (Govt Response, p. 61) And, the government specifically notes that some of the allegations in Paragraphs 33-49 occurred after the dates alleged in Count 7 (October 24, 2017) and Count 8 (October 25, 2017). (Docket 30) Thus, it appeared, from the government's

perspective, all Andrews need do is locate the allegations of Paragraphs 33-49, which took place after October 24th or 25th of 2017, and his concerns would be alleviated.

But then, in a footnote, the government obliterates any hope for specificity, stating, "Furthermore, Andrews has received extensive discovery regarding this matter, including Title III materials, grand jury materials, and witness statements." (Govt Response, p. 61, fn. 21) As this footnote makes clear, the government does not intend to limit the subsequent overt acts charged in Counts 7 and 8 to those listed in paragraphs 33-49 of the Superseding Indictment. Instead, the government believes that the subsequent overt acts charged in Counts 7 and 8 may also be found in the extensive discovery provided to the defense.[1]

This cannot be. The allegations of Paragraphs 33-49 were considered by the grand jury, although perhaps not in direct relation to Counts 7 and 8. But the grand jury quite obviously did not consider all of the discovery that had been presented to the defense. By reference to the discovery, however, the government seeks to leave open precisely what Andrews warned of in his initial motion; that is, a "moving target for which the defense would be required to prepare," and allowing "the overt act to change, shift, or become an entirely different act altogether in the time leading up to trial or during the trial itself." (Docket 99, p. 5)

The sufficiency of an indictment's notice must be determined by the face of the indictment, and neither a bill of particulars, nor a reference to discovery can save a vague indictment. *Russell v. United States*, 369 U.S. 749, 770 (1962). Moreover, the government may not simply pick and choose evidence from the voluminous discovery to serve as the subsequent overt acts. The Fifth Amendment requires that Andrews be tried only on charges in an indictment returned by the grand jury. *United States v. Muresanu*, 951 F.3d 833, 839 (7th Cir. 2020). The

---

[1] The discovery is indeed extensive, amounting to more than 70 gigabytes of information, including thousands of recorded telephone calls, agent reports, witness statements and grand jury testimony.

government's reference to the discovery is, therefore, a non-starter. Andrews cannot be required to sift through thousands of pages and thousands of recordings to guess at which subsequent overt acts are charged in Counts 7 and 8.

With regard to the government's reliance on paragraphs 33-49 of Count 1, those allegations come closer to meeting the specificity requirement, but are nevertheless insufficient. The government's response does not dispute that the Seventh Circuit requires an indictment to provide "some means of pinning down the specific conduct at issue." *United States v. Smith*, 230 F.3d 300, 305 (7th Cir. 2000). Yet, the government's response does not explain how a reference to seventeen paragraphs from a count in which Andrews is not named "pins down" the specific subsequent overt act or acts.

Likewise, the government's response does not address Andrews' contention that the analysis in *United States v. Muskovsky,* 863 F.2d 1319, 1327 (7th Cir. 1988) is scant (a single paragraph of six sentences) and does not address whether sufficient facts were pled to pin down the specific overt act or acts. (Docket 99, pp. 6-7). *Muskovsky* may well still be good law for the proposition that reciting the statutory elements *generally* demonstrates that an indictment is sufficient. But, because it does not address Andrews' argument that Counts 7 and 8 do not provide sufficient factual particulars consistent with cases such as *Smith, supra, Muskovsky* does not require that Andrews' motion be denied.

## II.    Conclusion

The Court should dismiss Counts 7 and 8 of the Superseding Indictment for failure allege a subsequent overt act.

Respectfully submitted,

**s/Patrick W. Blegen**
**Patrick W. Blegen**


**s/Leland Shalgos**
**Leland Shalgos, Attorneys for Defendant**
**Peter J. Andrews.**

| | |
|---|---|
| **Blegen & Garvey** <br> 53 West Jackson Boulevard <br> Suite 1424 <br> Chicago, Illinois 60604 <br> (312) 957-0100 | **Leland Shalgos** <br> 2650 West 51st Street <br> Chicago, Illinois 60632 <br> (773) 925-1700 |